CATHARINE BOWIE
vs.
JOHN T. BERRY.
} MARCH TERM, 1851.

[DOWER.]

A HUSBAND purchased land in 1832, during coverture, and took a bond of conveyance from the vendor, and the purchase-money having been paid, the legal title was conveyed to him in 1843. In 1839, he sold and executed a bond of conveyance conditioned to convey, free of incumbrance, on payment of the purchase-money. He died in 1848, never having executed a conveyance, the purchaser not having paid the purchase-money. HELD—That his widow was entitled to dower in this land.

Where a contract is made for the sale of an estate, equity considers the

vendor as trustee for the purchaser of the estate sold, and the purchaser as a trustee of the purchase-money for the vendor.

Where a husband holding an equitable title parts with it, or it is sold by his creditors during his lifetime, the wife is not entitled to dower, but there is no case which decides that a mere executory contract will have this effect.

It may be that an agreement to convey *before* dower attaches, will in equity defeat dower, but it has never been held that a mere *agreement* to convey after the inception of the title to dower, will do so.

The claim to dower is always a favored one; it is a legal right, and if the wife accept a devise from her husband in lieu of it, she is a purchaser of the thing devised for a fair consideration.

The estate of the wife does not take effect out of the ownership of the party assigning the dower, but it is regarded as a continuation of the estate of the husband, and there is no *mesne seisin* between the husband and the wife.

A part of the money received by the husband from his vendee was applied by him in payment for the land. HELD—that this sum must be deducted from the value of the land at the death of the husband, before dower is assigned; the vendee to that extent occupies by substitution the place of the vendor of the husband, but he cannot set off this sum against the dower.

The wife, in the assignment of dower as against the vendee of her husband, will be excluded from the value of improvements resulting from the actual labor and money of such vendee.

[The facts of this case are stated in the report of the former opinion of the Chancellor, in 1 *Maryland Chancery Decisions*, 452. After that decision had been made, a report was made and accounts stated by the Auditor, to which the defendant excepted, 1st, because the complainant was not entitled to dower at all; 2d, because no credit was allowed for the purchase-money paid by him, and applied by the husband in procuring the legal title, which he insists should be charged against the dower; and 3d, because in any event she is only entitled to dower in the lands after deducting such sum from their value. Upon the hearing of these exceptions, the Chancellor delivered the following opinion.]

THE CHANCELLOR:

It is observed in the opinion delivered by this Court, on the 26th of July, 1849 (1 *Md. Ch. Decisions*, 452), that the case

had not been argued on the part of the defendant, and therefore the point was reserved whether the value of the property out of which dower was claimed, should not be diminished by the amount of certain sums paid by the defendant to Mr. Bowie in his lifetime, and which seems had been applied by him in procuring the title from his vendors.

The title, however, of the complainant to dower, was decided, and though without the benefit of an argument on the part of the defendant, was carefully considered. If, nevertheless, I could now be satisfied that the conclusion to which my reflections brought me at that time was erroneous, I should not hesitate to retrace my steps, and would do so the more promptly because the argument has been an *ex parte* one.

It will be observed that the answer of the defendant does not expressly, or indeed by any very strong implication, deny the complainant's right to dower. The ground taken in the answer is, if the complainant shall be determined to have a dower interest in the lands, he would be entitled as against her to have compensation and reimbursement for the sums which he had paid her husband, and which the latter had applied in procuring the legal title. The sums so paid by the defendant to Bowie, and by him applied in procuring the title, amount, as now appears, to $3,500.

The facts of the case are these : Mr. Bowie, the husband of the complainant, in September, 1832, and during the coverture, purchased the land out of which dower is claimed, taking from the vendor a bond, with condition to convey him the title on payment of the purchase-money, and on the 25th of November, 1843, the money being then paid, the legal title was conveyed to him.

In the year 1839, Bowie sold the land, or a portion of it, to the defendant for about thirty thousand dollars, and executed to him a bond of conveyance with condition, upon payment of the money, to convey him the title free from incumbrances. Bowie died in January, 1848, a portion of the purchase-money being then unpaid, and still remaining due from the defendant to parties to whom Mr. Bowie in his lifetime assigned the

defendant's bonds, and these parties are not now before the Court.

In the former opinion of this Court, it was said that " this is the case of a husband dying seized of a legal estate of inheritance," and therefore the widow's claim to dower could not be defeated; 1 *Md. Ch. Decisions*, 454. It is now contended, however, that inasmuch as the title of Mr. Bowie was only an equitable one in 1839, when he contracted to sell to the defendant, and as, according to the view which this Court has (1 *Md. Ch. Decisions*, 454) taken of the case of *Miller* vs. *Stump*, 3 *Gill*, 304, he might, by a transfer of his title in his lifetime, without his wife's consent, have defeated her claim to dower, his contract to sell must have the same effect, upon the principle of equity, that that shall be considered as done which the party has contracted to do ; and consequently, when a contract is made for the sale of an estate, equity considers the vendor as a trustee for the purchaser of the estate sold, and the purchaser as a trustee of the purchase-money for the vendor ; *Sugden's Vendors*, 130.

There is no doubt that such is the rule in equity as between the parties to the contract, and yet it is perfectly well settled that a *bona fide* purchaser from the vendor without notice, would be protected from the claim of the vendee. Equity, therefore, does not, for all purposes and to every intent, consider that done which is only contracted to be done, because if that were so, a subsequent purchaser obtaining a conveyance without notice, could not hold against the title of the prior vendee claiming under a contract.

The cases in Maryland only prove, that where the husband holding the equitable title, actually parts with it, or it is sold and disposed of by his creditor during his lifetime, the wife shall not be endowed. There is no case which decides that a mere executory contract made by him will have the same effect.

Upon the purchase of this land by Mr. Bowie, in the year 1832, the right to dower attached, subject, to be sure, to be defeated by a transfer of his title in his lifetime. It may be

that in equity, an agreement of the husband to convey *before dower attaches*, will, if enforced in equity, extinguish the claim to dower; but no case, I apprehend, can be found, in which it has been held that a mere *agreement* to convey after the inception of the title to dower, has defeated the title, though an actual conveyance without the concurrence of the wife would have done so.

The claim to dower is always a favored one. It is a legal right, and if she accepts a devise from her husband in lieu of it, she is considered as a purchaser of the thing devised for a fair consideration; *Gibson* vs. *McCormick*, 10 *G. & J.*, 65, 113. But in this case Mr. Bowie not only died holding the equitable estate, bound, to be sure, by his contract with the defendant, but after he contracted with the defendant, he acquired the legal title, and was seized of that legal title at the time of his death. And at the time he thus acquired the legal title, the defendant had not put himself in a condition to demand a conveyance, by paying the purchase-money, a portion of which still remains due.

Mr. Bowie having, by the deed of 1843, acquired a legal estate of inheritance in possession, to which the issue of the wife might by possibility inherit, it follows, by the settled law upon the subject, that she could not be defeated of her dower by any act of the husband, without her concurrence; *Park on Dower*, 5.

The estate of the wife does not take effect out of the ownership of the party assigning the dower, but it is regarded as a continuation of the estate of the husband, for as soon as her dower is assigned the law supposes her in, by relation from the death of her husband, and does away all mesne seisin, or as Lord Coke expresses it, " the law adjudges no mesne seisin between the husband and the wife." *Coke, Littleton*, 241(*a*). The question is, whether, by the contract of 1839, made when Mr. Bowie only held an equitable title, the wife's right to dower, of which she could not be deprived by any act of his without her concurrence, after he acquired the legal title in 1843, shall be defeated?

In the cases which have been decided in this State, since the Act of 1818, ch. 193, which gives the wife dower in an equitable estate, the wife was denied her dower, because the husband's estate was divested during his lifetime. No case has been decided in which it has been held that a mere executory contract to convey by the husband has had the effect to defeat the dower, and certainly no case can be found in which the wife's right to dower in a legal estate of inheritance in the husband, either in deed or in law, has been defeated by the act of the husband without the concurrence of the wife, where the act was performed after the inception of the right of dower.

Here, the contract of 1839, which was made after the right to dower had attached, is relied upon. But that contract was never consummated; nor had the purchaser in the lifetime of the husband, nor has he now, put himself in a condition, by paying the money, to demand its fulfilment. And after the date of it, the husband took to himself the legal title, which deprived him of the power of defeating his wife's right to dower, without her consent. My opinion, therefore, is, that she is entitled to dower, or an equivalent in money.

It appears that $3,500 of the money, paid by Berry to Bowie, was applied by the latter, in payment of the land; and this sum, I think, should be deducted from the value of the land, as ascertained at the death of Mr. Bowie, before the dower, or its equivalent, is awarded the complainant. To that extent, I regard the defendant as occupying, by substitution, the place of those who sold it to Mr. Bowie; and as the dower-claim could not be enforced to their prejudice, so neither can it as against Berry, so far as he stands, by substitution, in their shoes.

I do not, however, think that Mr. Berry can set off this sum of $3,500 against the dower. That would be to defeat the claim altogether, and would place him in a better situation than the parties to whom Mr. Bowie paid the money. Mr. Bowie paid, out of his own means, the difference between the price he was to pay for the land, and the $3,500 paid by Berry, and which he applied to pay for the land. How much Mr.

Bowie did so pay out, of money not received from Berry, does not appear; but, if there be deducted from the value of the land, at the death of Bowie, the sum which he received from Berry and applied in payment of the land, it is all that can, in equity, be asked.

Proof has been taken of the age and health of Mrs. Bowie, and of the value of the land at the period of the death of Mr. Bowie, and of the value of certain improvements resulting from the actual labor and money of the owner; and the wife, according to the former opinion of this Court, is to be excluded in the assignment of dower, as against the defendant, from this improved value.

Accounts have been informally stated, and counsel have agreed that these may be considered as if they had been regularly reported by the Auditor. I cannot, however, pass a decree upon them as they stand; and shall, therefore, send the case to the Auditor, assuming, that an equivalent in money will be taken for the dower-interest.

PRATT and ALEXANDER, for Complainant.
ROBT. J. BRENT, for Defendant.