| 97 | 375 |
|----|-----|
| 97 | 605 |
| 97 | 375 |
| 142 | 496 |

IN THE MATTER OF THE ESTATE OF HENRY P. PULLING, DECEASED. APPEAL OF JEANE W. PULLING.

[See 85 Mich. 34; 88 Id. 387; 93 Id. 274.]

*Dower—Land sold on contract.*

A widow is entitled to dower in the interest of her husband at the time of his death in land sold on contract, which interest is represented by the unpaid portion of the purchase price, and her dower should be admeasured by giving her a sum of money in lieu thereof.

Error to Wayne. (Reilly, J.) Submitted on briefs July 26, 1893. Decided November 10, 1893.

Appeal by a widow from an order of the circuit court reversing an order of the probate court which allowed her dower in certain lands sold by her husband on contract, and not fully paid for during his life-time. Reversed, and judgment certified to the probate court, giving the petitioner dower in the interest of her husband in said lands, to be admeasured by giving her a sum of money in lieu thereof. The facts are stated in the opinion.

*Fraser & Gales,* for appellant.

*William J. Gray,* for the estate.

McGRATH, J. . The circuit judge found that Henry P. Pulling and Jeane W. Pulling were married April 26, 1890; that said Henry P. Pulling died July 15, 1890, leaving appellant, his widow, surviving him; that at the time of his death said Henry P. Pulling was seised in fee of ten parcels of land; that, prior to the marriage of Henry P. Pulling, he had made and executed nine separate contracts for the sale of said parcels of land; that at the time of said marriage, and also at the time of his death, the vendees under said contracts were, respectively, in the possession of the several tracts of land under said contracts, which were then in full force,—that is, none of them had been declared forfeited. The purchase price in one instance was $400, in another $875, and in another $1,000. The others were from $1,100 to $14,500. The aggregate consideration was originally about $49,000. Payments had reduced this amount to $45,000. The sole question raised is whether, as between the widow and the estate, the interest in these lands shall be treated as realty or as personalty. The circuit judge found, as a matter of law, that the widow was not entitled to dower in these lands, and the widow appeals.

Our statute provides (How. Stat. § 5733) that—

"The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-third part of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof."

It is insisted on behalf of the estate that at the time of the marriage Henry P. Pulling held the legal title only in trust for the purchasers. The cases cited, however, in which this has been asserted, and the right to dower denied, are, without an exception, cases where the vendee had paid the entire consideration.

In *Kintner v. McRae*, 2 Ind. 453, A., in 1836, sold to B., who paid a portion of the purchase money, gave his note for the balance, and took a bond conditioned that the deed should be made when all of the purchase money should be paid. A. afterwards filed a bill to enforce the payment, and in 1845 the land was sold to C. A. married in 1842, and died in 1847. The widow petitioned for dower in the land sold to C.

*Dean v. Mitchell*, 4 J. J. Marsh. 451, follows *Stevens v. Smith*, Id. 64, where A., unmarried, executed an unconditional obligation to convey to B., and during coverture A. had conveyed. In *Dean v. Mitchell* the court say:

"The trust existed when A. married, and, therefore, as he has never been, since his marriage, *beneficially* seised, but held only as a trustee, his wife has no right to dower."

In *Oldham v. Sale*, 1 B. Mon. 76, the husband had, before marriage, received the full consideration and agreed to convey.

In *Gaines v. Gaines*, 9 B. Mon. 295, the principle was applied to a *bona fide* gift, made before coverture, to a child by a former marriage, who took possession and improved the land under the gift, claiming it as his own, before the coverture, and received the conveyance from the husband afterwards.

In *Rawlings v. Adams*, 7 Md. 26, the bond for the deed,

given before marriage, recited full satisfaction for the land.

In *Cowman v. Hall*, 3 Gill & J. 398, all of the conditions of the contract had been performed by the defendant before the marriage.

In *Firestone v. Firestone*, 2 Ohio St. 415, the husband had, for considerations partly good and partly valuable, agreed to convey certain lands to his son, who paid the valuable consideration and took possession, and after the father's remarriage a conveyance was made to the son.

In none of these cases had the husband, even at the time of the marriage, any beneficial interest in the land.

In *Adkins v. Holmes*, 2 Ind. 197, A., while unmarried, agreed to convey the land in question to B. for $975. A. afterwards married, and died. During A.'s life-time, B. had paid all of the purchase money, excepting $229, and that amount he had since paid to A.'s administrator. The petition was filed against B.

In *Beckwith v. Beckwith*, 61 Mich. 315, the husband had, prior to his marriage with plaintiff, entered into a contract with a son by a former marriage, under which the son was to have the use of the entire farm during his father's life-time, and until certain debts were paid. The son was to pay to the father, during his life-time, one-half, or so much thereof as he might require, of the net proceeds of the farm. The father, in consideration of the contract provisions, executed a deed to the son of an undivided one-half of the farm, and deposited the same in escrow, to be delivered to the son on the performance of the contract. He also executed a will, by which he confirmed the deed and contract, and, after certain bequests, gave the residue of his estate to his wife, should he leave one, and to a grandson, share and share alike. In 1883 the father married plaintiff. Subsequently, by codicil, he gave to his wife a sum of money in lieu of the half of the residue. He died in 1884. Upon the execution of the

contract, the son entered upon its performance, and in 1885, when plaintiff demanded her dower in the land, the son had paid the unsecured debts, had reduced the mortgage upon the land from $8,000 to $5,500, and was in peaceable possession. It was held in that case that the plaintiff's right to dower in said land was subject to the equities existing between her husband and defendant under the contract and deed at the time of her marriage, which could not destroy or impair the same.

In the present case it is not sought to subject the purchaser's interest, nor the interest held by the husband at the time of the marriage, to dower. The only claim made is that the interest held at the time of his death shall be regarded as realty. It is purely a question of the quality of that interest. The husband died seised, not of the legal title alone, but of the legal title with a beneficial interest aggregating $45,000. A court of equity would undoubtedly interpose in any case to protect the interest of the purchaser, and this would be so even though the purchase money had all been in fact paid during the life-time of the husband. The wife's rights would be regarded as attaching subject to the subsisting claim or existing contract, and would be liable to be defeated by the performance of the conditions of the contract by the purchaser during coverture. As is said in 4 Kent, Com. 50:

"The wife's dower is liable to be defeated by every subsisting claim or incumbrance, in law or equity, existing before the inception of her right."

In the present case, the wife's dower has been defeated only so far as the amount due upon the contracts has been reduced by payment. Even though a trust be implied, it is one coupled with a beneficial interest, and it is well settled that the wife of a trustee is entitled to dower commensurate with the husband's interest. 4 Kent, Com. 43.

In *Bowie v. Berry*, 3 Md. Ch. 359, the husband, in 1832,

during coverture, purchased the land, taking from the vendor a bond conditioned to convey the title on payment of the purchase money. In 1839 the husband sold the land, and gave to the vendee a bond for a deed. In 1843 the husband paid the balance of the purchase money on his purchase and took a deed, and died in 1848. At his death a portion of the purchase money upon the contract for sale made by him was unpaid. The court in that case say:

"It may be that in equity an agreement of the husband to convey before dower attaches will, if enforced in equity, extinguish the claim to dower; but no case, I apprehend, can be found in which it has been held that a mere agreement to convey after the inception of the title to dower has defeated the title, though an actual conveyance without the concurrence of the wife would have done so. * * * No case has been decided in which it has been held that a mere executory contract to convey by the husband has had the effect to defeat the dower."

Although in that case the legal title vested in the husband after marriage, he had, before deed to him, entered into a contract to convey that title, and there is no difference in principle between that case and the present.

Section 5887 only applies to cases where a forfeiture has been declared, and, in any event, could only apply to the three contracts not exceeding $1,000 in amount.

It follows that the widow is entitled to dower in the interest held by the husband at the date of his death, that interest being represented by the amount then due upon these contracts. We discover no difficulty as respects the admeasurement. Dower cannot be assigned of the lands in question, but a sum in lieu of dower may be awarded. *Brown v. Bronson*, 35 Mich. 415.

The judgment of the circuit court will therefore be reversed, with costs of both courts to appellant, and the judgment of this Court certified to the probate court for the county of Wayne.

The other Justices concurred.