Nov. Term,
1840.

SMITH
v.
ADDLEMAN.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah,* for the appellant.

*C. Fletcher* and *O. Butler,* for the appellee.

---

Smith and Wife *v.* Addleman and Others.

*A.* holding *B.'s* title-bond for a certain town lot died without having paid any part of the purchase-money. His personal property being inadequate to the payment of the debts, his executors, under an authority in the will, sold the lot to *C.,* and, with a part of the proceeds, paid *B.* for the lot and caused him to convey it to *C.;* they applied the residue of the price received from *C.* to the payment of the debts of the estate. *Held,* that *A.'s* widow was not entitled, under the statute, to dower in the lot.

If real estate of which a testator died seised, be sold by his executors under an authority given by the will, and after the sale, but before the assignment of the widow's dower, the value of the property be increased—not by buildings, &c., but by extrinsic causes,—the assignment of dower must be made according to the value of the property at the time of such assignment.

A decree for dower was held not to be erroneous for omitting to give damages—it not appearing that the use of the property was proved to be of any value.

Wednesday,
November 25.

ERROR to the *Wayne* Circuit Court.

DEWEY, J.—One *Grentner* died seised and possessed of a fee-simple estate in lot numbered 124 in the town of *Richmond* in the county of *Wayne;* he, also, at the time of his death, held a title-bond on one *Stanton* for lot numbered 44 in the same town, but paid no part of the purchase-money during his life. *Grentner's* personal property being inadequate to the payment of his debts, his executors, by virtue of an authority vested in them by his will, sold the former lot to *Meek,* who sold it to *J. Addleman.* The executors also sold lot numbered 44 to *J. Addleman,* with a part of the avails of which they paid *Stanton* the price which *Grentner* had agreed to give him for the lot, and caused *Stanton,* in whom was the legal title, to convey it to *J. Addleman;* the residue of the avails they applied to the payment of other debts owed by *Grentner.* *J. Addleman* conveyed both lots to *B. Addleman.* The naked lots increased considerably in value after they were sold by the executors under the will,

and number 44 was improved by the purchasers. *Grentner* left a widow who married *Smith*. *Smith* and his wife filed a bill in equity against *Meek*, *J. Addleman*, and *B. Addleman*, praying for an assignment of dower in both lots, and for damages. The Circuit Court decreed dower in lot numbered 124, to be assigned according to its value at the time it was sold by *Grentner's* executors to *Meek*, and appointed commissioners to execute the decree. The commissioners did so, and their proceedings were approved by the Court. The bill was dismissed as to *J. Addleman*, and costs decreed against *Meek* and *B. Addleman*. The complainants prosecute this writ of error.

The errors assigned are, 1. That dower was not assigned in lot numbered 44, and dismissing the bill as to *J. Addleman;* 2. That the assignment of dower in lot numbered 124 was not made according to its value at the time of the assignment; 3. That the Court did not assess any damages for the rents and profits of the lots.

The solution of the question raised by the first alleged error depends upon the construction of the statute of this state respecting dower, which was in force when the rights of these complainants accrued. That act provides that the widow " shall be endowed of one full and equal third part of all the lands, tenements, and hereditaments, either legal or equitable, whereof her husband, or any other person to his use, was seised at any time during the coverture." R. C. 1831, p. 209. We do not think the facts of the case bring lot numbered 44 within this provision, under the most liberal construction which can be given to it. *Grentner* never paid any part of the purchase-money during his life, nor were his personal assets applied to its payment after his death; neither he nor his heirs ever had the right to compel a specific performance of the contract which he held for the property; they had not the legal title, nor the equity to enforce a legal title. His widow cannot complain, that the price of the lot was paid with funds to a distributive share of which she would otherwise have been entitled. The lot paid for itself, by the application of a part of the avails of the executors' sale to the discharge of the purchase-money due to *Stanton*, and as the rest of the proceeds of that sale, as well

as all the personal property of the estate, was applied to the satisfaction of other debts of *Grentner*, nothing was left for distribution.

The Circuit Court committed no error in not decreeing dower in lot numbered 44, nor in dismissing the bill as to *J. Addleman*.

The point presented by the second error is one of great importance in a new country like this, in which the value of real property is usually on the increase, and sometimes advances with great suddenness. The question is, whether dower shall be assigned in property which has been aliened, according to its value at the time of alienation, or at the period of assignment of dower?

The *American* decisions have not been uniform on this subject, but they preponderate in favour of making " the value of the land at the time of the assignment, excluding all the increased value from the improvements actually made upon the premises by the alienee," the criterion by which to adjudge dower, " leaving the dowress the full benefit of any increase of value arising from circumstances unconnected with those improvements." Such was the conclusion of Mr. Justice *Story*, after a very able and learned review of the *American* and *English* authorities, in the case of *Powell et ux.* v. *M. & B. M. Co.*, 3 Mason, 347. This doctrine has also the sanction of Chancellor *Kent*, 4 Kent's Comm. 68, and may be considered as settled law. It is true, that in the case before us, the alienation of the property was not made by the husband, but by his executors under the authority of his will. We see nothing, however, in this circumstance which should change the result; and that there is no distinction affecting the assignment of dower, between an alienation of the land by the husband, and a sale made by the proper authority after his death, is implied by the language of the Court in the case before quoted from *Mason*.

The Circuit Court erred in decreeing dower in lot numbered 124 according to its value at the time of alienation; the decree should have been according to its value at the time of the assignment.

The third objection against the decree, that it awards no damages to the complainants, cannot be sustained. We have

seen they had no claim upon lot numbered 44, and there is <span style="float:right">Nov. Term,<br>1840.</span> no evidence that the use of the other lot was of any value.

*Per Curiam.*—The report of the commissioners is set <span style="float:right">FREDERICKSON<br>v.<br>FOWLER.</span> aside, and so much of the decree as directs dower in lot numbered 124 to be assigned according to its value at the time it was sold by the executors, is reversed: the rest of the decree is affirmed. Cause remanded, with instructions to the Circuit Court to decree dower in said lot according to its value at the time of assignment.

*J. S. Newman,* for the plaintiffs.

*M. M. Ray* and *J. B. Ray,* for the defendants.