## CRANE v. PALMER.

If a person sell real estate, receive part of the purchase-money, give the purchaser a bond conditioned for a deed on payment of all the purchase-money, and put him into possession, and the purchaser die, the widow's claim to dower under the act of 1838, must yield to the vendor's equitable lien for the unpaid purchase-money.

*Tuesday,
June 23.*

ERROR to the *Jefferson* Circuit Court.

The petition in this case was demurred to in the Circuit Court, and the demurrer was sustained.

PERKINS, J.—Petition for dower. The facts upon which the claim is based follow. On the 20th of *September,* 1838, being a little more than two months prior to the coming into force, in *Jefferson* county, of the Rev. Stat. of that year, *Simeon H. Crane,* the husband of the petitioner, contracted with the defendant, *Palmer,* for the purchase of the real estate out of which dower is prayed upon the terms that he would pay *Palmer* thirty-five hundred dollars—one thousand in hand, and the balance in four annual instalments; and

should receive possession of the premises purchased, and a title-bond conditioned for a deed to the same on the punctual payment of all the purchase-money. The thousand dollars in hand were paid, and possession and a title-bond given, according to contract. Subsequently, *Crane* paid about eleven hundred dollars more, and afterwards, in 1841, died leaving the remainder of the purchase-money unpaid. In *January*, 1843, *Palmer* filed his bill in the *Jefferson* Probate Court against *Crane's* heirs (to which the widow was very informally made a party) to enforce his lien, as vendor, for the unpaid purchase-money, and obtained a decree for nineteen hundred and thirty-four dollars and costs; upon which decree the premises were afterwards, on the 29th of *June*, 1844, sold by the sheriff for eighteen hundred dollars, *Palmer*, the defendant in this case, being the purchaser.

The petitioner now prays dower in the premises against the purchaser, in the proportion that the purchase-money paid by her deceased husband bears to their contract price, and insists that she is entitled to it under that part of sect. 12, R. S. 1838, p. 238, which provides that the widow shall be endowed " of lands, &c., to which, or any part thereof, the husband was equitably entitled at the time of his death unless barred or released, &c.; and that the husband shall be considered equitably entitled to any real property for which he has made a contract, in proportion to the purchase-money actually paid in his lifetime;" and that the dower of the widow shall not be barred by any proceeding to which she shall not be a party, &c.

It will be seen by the statement of the case, that the questions might arise whether the petitioner would be entitled to be endowed under the statute of 1838, it not being in force when the contract for the land in question was made; and whether, if so entitled, she is not barred by the sale under the decree of the Probate Court enforcing the vendor's lien for unpaid purchase-money; but the conclusion to which we have come as to her right under the statute, renders it unnecessary that we should examine those questions.

If the petitioner can succeed in this application, it will be because the statute renders the widow's right of dower paramount to the vendor's lien for purchase-money. If such is

the statute, it is unjust. That the legislature intended injustice will not be presumed; and if the statute is susceptible of a more limited construction, it should receive it. We think it so susceptible.

When land is sold on time by title-bond, the legal title to it is retained by the seller as security for the unpaid consideration, and we see no more equity in impairing that security, when held in that form, by a dower right, than there would be, had a mortgage been taken to effect the same object.

*Per Curiam.*—The decree is affirmed with costs.

*W. Lyle*, for the plaintiff.

*M. G. Bright*, for the defendant.