KINTNER *v.* McRAE.

*A.* sold a tract of land to *B.* The latter paid a portion of the purchase-money, gave his note for the balance, and took a bond conditioned that a deed should be made when all the purchase-money was paid. *B.* took possession, and died leaving heirs. The purchase-money being unpaid, *A.* filed his bill to enforce payment by a sale of the land; a decree was rendered and the land sold to *C.* *A.* married prior to the said sale to *C.*, and died. *Held,* that his widow was not entitled to dower in said land.

APPEAL from the *Harrison* Probate Court.

SMITH, J.—In 1836, *Jacob Kintner,* being the owner in fee-simple of a tract of land, in *Harrison* county, sold the same to one *Bines* at the price of 429 dollars. *Bines* paid 46 dollars of the purchase-money and gave his notes for the balance, payable within three years. *Kintner* gave *Bines* a bond conditioned that a deed should be made when all the purchase-money was paid. *Bines* took possession of the land, made improvements, and continued in possession until 1843, when he died, leaving heirs. The remainder of the purchase-money being unpaid, *Kintner* filed a bill in chancery against the heirs of *Bines,* to enforce its payment by a sale of the land, and in pursuance thereof a decree was rendered under which the land was sold to *McRae,* in *September,* 1845, for 428 dollars.

In 1842, *Kintner* married *Rebecca,* the present plaintiff, and he died in 1847, leaving her his widow. She now petitions for an assignment of dower in the tract of land then sold to *McRae.* The Probate Court decided that she is not entitled to dower in this land and dismissed the petition.

We think the decision of the Probate Court is right. If the land had been sold by *Kintner* before his marriage, and the purchase-money paid by *Bines* after the marriage, it would have been clear of dower; and the case made by the facts on the record is, substantially, the same. It is true the failure of *Bines* to pay his notes when they became due may have put *Kintner* in a position

to either rescind or enforce the contract at his election, but he could not do both, and he did enforce payment by a suit. The case stands, then, as if *Bines* purchasing the land before *Kintner's* marriage, had, either voluntarily or upon compulsion, paid a balance of the purchase-money after the marriage. If he had done so he could of course have required and compelled *Kintner* or his representatives to make him a title, which would have been clear of any claim from dower arising from such marriage. We do not see any reason why *McRae*, as the purchaser of *Bines's* interest, sold at the instance of *Kintner* for the express purpose of enforcing payment of the purchase-money, should not be entitled to stand in the same position; and it will scarcely be contended that the vendor of land who agrees to give a credit for part of the purchase-money and to make a title when the whole shall be paid, can, by a marriage, before the whole purchase money becomes due, impair or alter his contract with the vendee by incumbering the land with the right of dower.

*Per Curiam.*—The judgment is affirmed with costs.

*W. A. Porter*, for the appellant.

*C. Dewey*, for the appellee.