MALIN *v.* COULT.

The vendee of land, who had not paid all the purchase-money nor received a deed, died in 1829, leaving a widow surviving him. *Held,* that the widow had only an equitable right, under the statute, to be endowed of the interest during her life of one-third of the amount the land would sell for over the unpaid purchase-money, interest and costs. *Held,* also, that her claim might be compromised and discharged by a parol agreement with the vendor or his assignee.

ERROR to the *Switzerland* Probate Court.

PERKINS, J.—Bill for dower, filed in *January,* 1845, in the *Switzerland* Probate Court, by *Frances Coult* against *Joseph Malin.* Decree below for the plaintiff.

*Wednesday, December 21.*

It appears that in 1827, *John D. Coult,* then the husband of said plaintiff, purchased of one *William Campbell* a tract of land situate in *Switzerland* county, *Indiana,* for the sum of 500 dollars, 250 dollars of which he paid down, and 250 dollars of which he was to pay at a future day, and before receiving a deed. *Coult* went into possession, and died upon the premises in *September,* 1829, without having paid the balance of the purchase-money for the land.

In *August,* 1830, *Campbell* again sold the land, by deed in fee-simple, to *Joseph Malin,* the defendant below, for 550 dollars, informing him at the time of the previous sale to *Coult,* the payment by him of a part of the purchase-money, his failure to pay the balance when due, and stating to him that his purchase must be subject to the rights of the widow and heirs of *Coult,* if any they had, in the premises. In *March,* 1831, *Malin,* upon the legal title so conveyed to him by *Campbell,* recovered possession of the premises by a suit in ejectment.

*Malin,* by his attorney, *J. F. D. Lanier,* called on Mrs. *Hackett,* the administratrix on *Coult's* estate, and on Mrs. *Coult,* the widow, to ascertain if they would pay up the remainder of the purchase-money left unpaid by *Coult,* and received for answer from both of them that the estate

was unable to make the payment, but that they wished the amount paid by *Coult* refunded. *Coult* had made some improvements on the place while enjoying the use of it.

Subsequently, in *September*, 1835, ten years before this suit was brought, Mrs. *Hackett* and Mrs. *Coult* compromised with Mr. *Malin* the claims they set up on account of the 250 dollars paid by Mr. *Coult*, receiving from him severally, Mrs. *Coult* 100 dollars, and Mrs. *Hackett* 201 dollars and 40 cents, making in all 301 dollars and 40 cents, which has not been refunded. We may remark that Mrs. *Hackett* states, in her testimony, that Mrs. *Coult* did not receive 100 dollars, nor any sum; though she admits there was a settlement which, she says, she never understood, and, hence, not much weight attaches to her statement. We regard the proof as showing clearly enough that the facts are as we have stated them; and we have stated all that are mentioned.

The Court below gave Mrs. *Coult* a decree for 150 dollars.

Mr. *Coult* never having paid in full and obtained a deed for the land bargained for, his widow had only an equitable right to be endowed, under the statute, in the interest which the payment her husband had made created; and that right, it is decided in *Crane* v. *Palmer*, 8 Blackf. 120, was subordinate, and one that must yield to the seller's lien for unpaid purchase-money. In this case, *Malin*, by his purchase from *Campbell*, to whom the unpaid purchase-money was then due, was placed in his shoes, and vested with all his rights, as well as liabilities, in the matter in question. Such was his agreement. The balance due from *Coult*, then, on the purchase of the land, remaining unpaid, *Malin* might have filed a bill to extinguish the equity existing in favor of *Coult's* widow and heirs, and Mrs. *Coult* could only have claimed as dower the interest for life of one-third that the land might have sold for over and above the unpaid purchase-money, interest and costs. This would have been a mere money demand, which she might have compromised by parol, and

received satisfaction for; and this we think she did, and very advantageously. The authorities, indeed, extend her power of barring her claim to dower beyond what is called for in this case. In *Jones* v. *Powell*, 6 Johns. Ch. R. 194, Chancellor *Kent* says—There is no reason why a widow, who is a free and competent moral agent, should not have the capacity to agree to any fair arrangement which convenience or prudence dictated, by which her dower should be extinguished by an equivalent substitute in money or in land. See, also, *Cox* v. *Jagger*, 2 Cowen 638.—*Shotwell* v. *Sedam*, 3 Ohio R. 1.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with instructions to the Probate Court to dismiss the bill.

*J. Sullivan* and *J. Dumont*, for the plaintiff.

*D. Kelso*, for the defendant.