FISHER and Another *v.* JOHNSON and Wife.

A vendor's lien for purchase-money is paramount to a claim of the vendee's widow for dower.

The lien of the vendor for purchase-money, in this state, is assignable.

*A.* purchased land of *B.*, but paid no part of the purchase-money, and afterwards released his title to *C.* on his paying the purchase-money to *B.* *A.* afterwards died, leaving a widow. *Held,* that as to her right of dower, *C.* was subrogated to the rights of *B.*

ERROR to the *Parke* Circuit Court.

PERKINS, J.— *William H. Johnson* and *Margaret*, his wife, (late *Margaret Underwood*), filed their petition in the *Parke* Circuit Court, setting forth that said *Margaret* was late the wife of *John Underwood*, deceased; that said *John*, during the coverture, was the owner of certain real estate, describing it, and that it was conveyed to one *Thomas Melvin*, now deceased, whose heirs are in possession, and from whom dower has been demanded. The petition avers that said *Margaret* did not join in the deed to said *Melvin.* The defendants pleaded, that "the said *Thomas Melvin* paid the original purchase-money to one *Goldsmith Coffin*,

from whom the said *John Underwood* purchased the said lands and tenements in said petition mentioned and described, and said *Underwood* conveyed the same to said *Melvin* and his heirs in fee simple, in consideration of the said purchase-money so advanced to said *Coffin* as aforesaid; and that the said purchase-money was not paid by the said *John Underwood*, or any part thereof; and that the said *John Underwood* never had, at any time during his life, any manner of title whatever to the said lands and tenements, except that derived from the said *Coffin*."

A general demurrer was sustained to this plea, and full dower given to the petitioner.

According to this plea, *John Underwood*, the husband of the petitioner, *Margaret*, purchased the land in question of *Goldsmith Coffin*, but paid no part of the purchase-money, and subsequently released his title to *Thomas Melvin*, on his (*Melvin's*) paying the purchase-money to *Coffin*.

The lien of the vendor for the purchase-money of land sold is paramount to the claim of the widow of the purchaser for dower. Had this relinquishment of title, then, been made in good faith by *Underwood* to *Coffin*, the widow, *Margaret*, would have had no claim to dower, at all events, without redeeming the land by advancing the stipulated purchase-money and interest. Whether she could have been permitted so to redeem, is a question not now presented for consideration.

The lien of the vendor for his purchase-money, in this state, is assignable, and passes to his assignee. *Brumfield et al.* v. *Palmer*, 7 Blackf. 227. In this case, then, *Melvin* having paid to *Coffin* the purchase-money due from *Underwood*, with the consent of the latter, should be regarded as subrogated to *Coffin's* rights; and as, had *Underwood* released fairly to *Coffin*, the widow could not have sustained a claim to dower, so we think his release, in like manner, to *Melvin*, who stands in *Coffin's* shoes, must operate in the same manner upon the widow's claim to dower.

Perhaps, if the petitioners can show that the land was worth more, when deeded to *Melvin*, than the purchase-money paid, the widow may be endowed of the excess.

But as to this, and whether the petitioners, by now tendering the purchase-money and interest, can secure any rights, we need not here inquire. See *Whitehead* v. *Cummins*, 2 Ind. R. 58.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. Morrison* and *S. Major*, for the plaintiffs.

*J. P. Usher*, *S. F. Maxwell*, *T. H. Nelson*, and *J. W. Gordon*, for the defendants.

