## Case No. 1,980.

### In re BROWN.

[3 N. B. R. 250 (Quarto, 60); [1] 2 Am. Law T. 122; 1 Chi. Leg. News, 409.]

District Court, S. D. Georgia. July 27, 1869.

BANKRUPTCY—EXEMPTION—HOMESTEAD.

The bankrupt is entitled to the exemption of a homestead out of land mortgaged by him, to secure the payment of borrowed money, prior to the time of claiming such homestead.

[On certificate of register in bankruptcy.

[In bankruptcy. In the matter of James B. Brown.]

I, Frank S. Hesseltine, a register of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause the following question pertinent to said proceedings arose and was stated, and agreed to by Arthur Hood, Esq., counsel for the bankrupt, and T. K. Appling, Esq., who appeared for Hamilton Perry, administrator of the estate of Elam Lee, a creditor of the said bankrupt. On the 13th day of January, 1860, James B. Brown executed a mortgage upon a lot of land with hotel and stable in Blakely, Georgia, to Elam D. Lee, executor of Elam Lee, to secure the payment of money loaned. On the 5th day of May, 1868, the said Brown filed his petition to be declared a bankrupt. The said land is the only real estate returned by said bankrupt, and is worth more than five hundred dollars. He claims an allowance of five hundred dollars for a homestead out of the proceeds of the sale of the said property, which claim is resisted by the said creditor. And the said parties requested that the issue thus raised should be certified to your honor for your opinion thereon.

Opinion of Frank S. Hesseltine, Register: The question here submitted is, "Is the bankrupt entitled to homestead out of property mortgaged by him to secure the payment of borrowed money, prior to the time of claiming such homestead. In Re Whitehead [Case No. 17,562], your honor affirmed my opinion that the bankrupt is not entitled to the exemption of homestead out of land mortgaged by him at the time of its purchase, to secure the payment of the purchase-money, until the said mortgage is satisfied. In the course of the opinion I stated "that the debtor who seeks to have a homestead set apart for himself and family, must first have a full and complete ownership and title to the property; it must be entirely his property, unsaddled with any encumbrance, lien or condition affecting his title thereto. * * * The Code does not deny the head of a family the right to create a lien on property not previously exempted in accordance with the provisions of the homestead act. He is free to do what he will with his own, convey or mortgage it."

After renewed consideration of the law relating to the exemption of property, I do not desire to vary that language, and re-utter it here as a reason why I think that James B. Brown, the bankrupt, is not entitled to a homestead out of land upon which, by his mortgage, he has already created an "encumbrance, lien, or condition affecting his title thereto." The Code of Georgia, after designating the property to be exempted to a debtor who is the head of a family, goes on to state the course to be pursued by "every debtor seeking the benefit of the act." A claim for exemption of the property is to be made and recorded in the clerk's office, the land must be laid off, and a plat of the same likewise recorded. Further on, section 2019 of the Code declares that "any officer knowingly levying on or selling any property of a debtor exempt under this law, a schedule of which has been returned as required, is guilty of trespass," etc., and section 2020: "The debtor shall have no power to alienate or encumber the property exempt under this law, but the same may be sold by the debtor and his wife, if any, jointly, with the consent of the court of the county," etc. By this it provided that an officer shall not levy on and the debtor shall have no power to alienate or encumber the property which has been duly exempted, i. e., set apart and recorded in court in accordance with the provisions of the law. The power to alienate or encumber the property which has not been duly exempted is not taken away from the debtor. It is a natural subsisting right. He can deal with his own property as it pleases him; and the lien of a mortgage given by him for a good consideration is unquestionably valid and binds the property. It is a contract, his obligation to keep which may not be impaired by any subsequent act of his or by any law. Since, then, the law nowhere denies the head of a family the right to sell or encumber property which has not been set apart in accordance with the homestead act—and this natural right is his until taken away by statute—he surely will not be permitted, having borrowed money on the strength of a mortgage legally given to the creditor to secure the payment of the same, thereafter to invalidate his mortgage by putting in a claim to have the lien of it discharged, and the property set apart to him for a homestead. This, as I view it, would be a wrong that neither a court of law or equity will uphold or sanction. The mortgage contract solemnly entered into by permission of law must receive the approval and aid of the law.

ERSKINE, District Judge. Mr. Register Hesseltine, in his written opinion, on the question which arose before him in the course of the proceedings in the matter of James B. Brown, a bankrupt, relied on the Case of John B. Whitehead, as being analogous in principle, if not wholly governing the Case of Brown. In the Case of Whitehead, the point for decision was whether the

---

[1] [Reprinted from 3 N. B. R. 250 (Quarto, 60), by permission.]

bankrupt was entitled to the exemption claimed out of the land mortgaged by him to the vendor, at the time of the purchase, to secure the purchase-money. There the equitable lien of the vendor was involved; and notwithstanding the vendee gave a mortgage on the land to the vendor—executed simultaneously with the purchase—I was of the opinion, on principle and authority—and in entire consonance with the conclusion expressed by Mr. Hesseltine—that the vendor, by taking the mortgage on the land alone, did not waive his lien; and affirmed the decision of the register, denying the exemption out of the land—land he never paid for, and for which he was merely the trustee for the vendor. In re Whitehead [supra]; In re Perdue [Case No. 10,975]; 2 Story, Eq. Jur. §§ 1227, 1228; 4 Kent, Comm. 151; 9 Ga. 86; 14 Ga. 216; 5 Ind. 492.

Brown's case is briefly this: He was the owner of a hotel and stable lot in Blakely; these, in January, 1860, he mortgaged to E. D. Lee, executor of Elam Lee, for money loaned him by the executor. In May, 1868, Brown filed his petition in bankruptcy, including in his schedule the mortgaged property, it being all the real estate he owned. He now claims to be allowed out of the proceeds of the sale of this property, when sold, it not being (as was agreed by counsel on both sides) susceptible of partition, five hundred dollars in lieu of a homestead. The bankrupt is the head of a family, and has three minor children.

I need scarcely remark, that in Georgia, a mortgage is a security for the debt—and nothing more; the title to, and ownership of the property remaining in the mortgagor, until foreclosure and sale. From what I have said, I think it will be readily observed that there is a clear and very marked difference between the Case of Whitehead and this of Brown.

Turning to Cobb's Digest, 390, it will be seen that, by the act of 1843, which is amendatory of the act of 1841 (Id. 389), fifty acres of land are exempt from levy and sale, "except the same shall be for the purchase-money of said land, for the payment of which the land shall be bound." The act of 1845 (Id. 391), extends the humane and equitable benefits of the preceding acts to citizens of any city, town, or village in the state, "to include real property in such places not exceeding in value two hundred dollars." Thus stood the law when the executor of Lee received from Brown the mortgage on the hotel and stable lots. And can the executor of Lee now complain of Brown, and did he not lend the money and accept the mortgage under the law exempting a certain portion of the property of the debtor from levy and sale?

By the provisions of the act last cited—the property being situated in a town—Brown would have been entitled to an exemption of two hundred dollars only. But he now claims to be allowed five hundred dollars out of the sale of the mortgaged premises, under the act of congress of March 2, 1867 [14 Stat. 522]. Section 14 of this act, in enumerating what shall be excepted from the operations of its provisions, in the last clause of the first proviso, says: "And such other property not included in the foregoing exceptions as is exempted from levy and sale, upon execution or other process or order of any court, by the laws of the state in which the bankrupt has his domicile at the time of the commencement of the proceedings in bankruptcy, to an amount not exceeding that allowed by such state exemption laws in force in the year eighteen hundred and sixty-four." In section 3, pt. 2, tit. 3, c. 2, art. 4, of the Code (1st Ed.) will be found the exemption laws in force in Georgia in 1864. Section 2013 states what property shall be exempt from levy and sale by virtue of any process whatever under the laws of this state. And section 2017 declares that "if the debtor owns town property exceeding in value five hundred dollars, and it cannot be divided so as to give his family that amount, he may give notice to the officer levying thereon, and when the proceeds of the sale are to be distributed, the court shall order five hundred dollars of the same to be invested by some proper person in a home for the family of the debtor, which shall be exempt as if laid off under this law."

As already observed, when the mortgagee took the mortgage to secure the payment of the money loaned, the exemption laws then of force were an ingredient in the contract. But whether, after the Code went into effect, and the mortgagee had then foreclosed, and a sale had taken place, the mortgagor could claim, under the new exemption laws of Georgia, five hundred dollars, is a question not necessary to discuss here. It is sufficient, for the purposes of this case, that the national legislature has, in pursuance of the 8th section of the 1st article of the constitution, enacted a statute to establish uniform laws on the subject of bankruptcies throughout the United States. Sturges v. Crowninshield, 4 Wheat. [17 U. S.] 122, 196, 199. And if any of the state exemption laws are in conflict with acts of congress they must yield; otherwise the national government could not move on, and its constitution and laws could not be paramount, even within their proper sphere. Martin v. Hunter, 1 Wheat. [14 U. S.] 304; Gibbons v. Ogden, 9 Wheat. [22 U. S.] 1, 195, 209; Com. v. Kimball, 24 Pick. 359; U. S. v. Hart [Case No. 15,316]; Holmes v. Jennison, 14 Pet. [39 U. S.] 540, 574. Indeed, this is made necessary by the constitution itself. "This constitution and the laws of the United States made in pursuance thereof, and all treaties made, or which shall be made under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the con-

stitution or laws of any state to the contrary notwithstanding." Article 6.

The decision of the register is reversed. The clerk will please certify this opinion to Mr. Register Hesseltine.