ALEXANDER *v.* HERBERT.

HUSBAND AND WIFE.—*Conveyance.—Surrender, by Husband, of Unrecorded Deed.— Widow.—Descents.*—Where a husband, owning unencumbered real estate, held by him under an unrecorded deed, surrenders such deed to his grantor, and causes the latter to convey such real estate to a *bona fide* purchaser without notice, he thereby extinguishes not only his own rights therein, but also the rights which otherwise would have accrued to his widow on his death.

From the Clay Circuit Court.

*D. E. Williamson* and *A. Daggy*, for appellant.

*G. A. Knight* and *C. H. Knight*, for appellee.

PERKINS, J.—Suit for partition, commenced on the 19th day of February, 1875, by Adaline Alexander, widow of George H. Alexander, deceased, against Charles Herbert, the possessor of the lands of which partition is sought, and which are described in the following complaint.

A demurrer for want of facts was sustained to the complaint, and judgment rendered for the defendant.

Appeal to this court.

The complaint follows:

"Adaline Alexander, plaintiff, complains of Charles Herbert, defendant, and says, that heretofore, to wit, on the — day of ——, 1858, one George H. Alexander purchased, owned and held by deed, in fee-simple, duly executed to him, the following real estate in the county of Clay and State of Indiana, to wit: A parcel, tract or lot of ground in the town of Brazil, in the county of Clay, and State of Indiana, to wit: Commencing at the corner of Washington and National Road streets, running thence south-west, with National Road street, sixty (60) feet; thence south-east to Middle street; thence north-east, with Middle street, to Washington street, sixty (60) feet; thence north-west, with Washington street, to place of beginning,—from one Ezra Olds; that afterward, and before the said George H. Alexander had the said deed

from Ezra Olds recorded, the said Alexander sold the same to one Evaline Montgomery, to which sale this plaintiff, as wife of said decedent, objected, and refused to join in the deed, and thereupon, by agreement of said Olds and said Alexander, said unrecorded deed was destroyed, and said Olds executed a deed to said premises to said Montgomery, and through whom said defendant now holds said premises, subject to the rights of this plaintiff, as the wife and widow of said Alexander, deceased. She further alleges, that heretofore, to wit, on the — day of ——, 1872, said George H. Alexander departed this life intestate, leaving the said plaintiff, as his widow, surviving him; and she further states, that she refused to join her said husband in the deed to said Montgomery; and she further alleges, that, in no manner, has she ever released her interest in said premises. She further alleges, that the rental value of said premises is of the value of five hundred dollars per annum, and that this defendant has been in possession of said premises, enjoying, using and occupying the same, and receiving the rents therefrom; and she further alleges, that said premises are not susceptible of division without great injury to the owner thereof, and that she is entitled to the undivided one-third thereof, and that said defendant is entitled to the remaining two-thirds thereof. She therefore asks the partition of said premises, or, if the court shall find that said premises are not susceptible of division without injury or damage to the owners thereof, that the same shall be ordered sold, and that her said interest therein be set off and assigned to her in said premises, or in the proceeds thereof, and that she have judgment for one-third of the rental value of said premises since the death of her said husband, and for other proper relief."

The demurrer was sustained, and judgment rendered for the defendant, on the ground that he is not shown to be a purchaser with notice.

The case presents this question: Under the present

statutes of Indiana, can a husband who owns unincumbered land, holding the title by an unrecorded deed, surrender such deed to the grantor, and cause him to convey the land to an innocent third person, and thereby extinguish the right of his wife in such land ?

The plaintiff based her right to recover upon the following section of the statute of descents, 1 R. S. 1876, p. 413 :

" Sec. 27.   A surviving wife is entitled, except as in section seventeen excepted, to one-third of all the real estate of which her husband may have been seized in fee-simple, at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law; and also of all lands in which her husband had an equitable interest at the time of his death : *Provided,* That if the husband shall have left a will, the wife may elect to take under the will instead of this or the foregoing provisions of this act."

The defendant relies for his defence to the action upon sections 11 and 16 of the act concerning the alienation of real property, etc., 1 R. S. 1876, p. 361.   They follow :

" Sec. 11.   No conveyance of any real estate in fee-simple, or for life, or of any future estate, and no lease for more than three years from the making thereof, shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act."   1 R. S. 1876, p. 364.

" Sec. 16.   Every conveyance or mortgage of lands, or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated ; and every such conveyance or lease not so recorded within ninety days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration."   1 G. & H., p. 260.

The statute now requires deeds to be recorded in forty-five days. 1 R. S. 1876, p. 365, sec. 16.

At common law, title to land passed by the delivery of a duly executed deed of conveyance. Under the statutes of Indiana, the title passes by the delivery of such deed, subject to be divested in consequence of the negligence of the grantee, in failing to perform, in due time, a certain act, required of him after the delivery to him of the deed, viz.: filing the same in the proper recorder's office for record.

It will be here observed, that the wife does not take title to the real estate mentioned in section 27 by a conveyance to her, but by operation of law, through a conveyance to her husband. She must therefore take it subject to all conditions and infirmities attaching to it in the hands of her husband. Her title can not, in reason, be more perfect than his, from which hers is derived. The conveyance, as we have said, is to the husband; the consideration is paid by him; the delivery of the deed is to him; the custody of it belongs to him; and when he fails to perform the act of filing it in the recorder's office, whereby his title is lost, as against a *bona fide* purchaser from his grantor, that of his wife must, under the statutes, go with his. There is no equity in giving her preference over such a purchaser. The object of the statute, in preventing secret liens and claims of title, would be thwarted by any other construction. Sound policy requires the adoption of the construction we give the statutes.

The judgment is affirmed, with costs.