## CARVER v. GROVE.

WIDOW.—*Interest in Real Estate upon which Husband has paid Part only of Consideration.— Vendor's Lien.—Statute Construed.*—W. died leaving certain described land. Afterward his executor procured an order from the proper court, by virtue of which he sold the land to G. who paid one-third of the purchase-money, gave notes for the residue, and received a certificate from the executor showing that he was entitled to a deed upon the payment of the residue of the purchase-money. The sale was confirmed by the court. G. died, having paid no more of the purchase-money, and R. was appointed as administrator of his estate, who filed his petition for an order to sell the whole of said land for the purpose of paying the residue of the purchase-money. The order was procured and C. became the purchaser of the land, to whom a deed was executed. The widow of G. was not a party to the last mentioned proceedings and had no notice thereof.

*Held*, on the above facts, that the widow of G., under section 30, 1 R. S. 1876, p. 413, is entitled to one-ninth of the land and C. to the remainder.

*Held*, also, that the statute mentioned does not abrogate the vendor's lien, but cuts down slightly the amount of land against which it may be enforced, in case of the purchaser's death leaving a portion of the purchase-money unpaid, and the land is sold as provided for in said statute.

From the Tipton Circuit Court.

*T. W. Woollen,* for appellant.

*D. Waugh,* for appellee.

WORDEN, J.—The following are believed to be enough of the facts shown in the pleadings in this cause to develop the ground on which it must be decided, the question in the cause being raised by the pleadings.

One Charles Wilkinson died leaving certain land described in the complaint. Afterward his executor procured an order from the proper court, by virtue of which he sold the land to one Benjamin R. Groom. Groom paid one-third of the purchase-money, gave notes for the residue, and received a certificate from the executor showing that he was entitled to a deed upon the payment of the residue of the purchase-money. The sale was confirmed by the proper court. Groom then died, having paid no more of the purchase-money.

John W. Robinson was duly appointed as administrator of the estate of Groom, and he afterward filed his petition in the proper court for an order to sell the whole of said land, for the purpose of paying the residue of the purchase-money due from Groom to the executor of Wilkinson. The order was procured and the sale made to Carver, the appellant herein, and a deed executed to him. The widow of Groom, now Cynthia A. Grove, the appellee, was not a party to the last mentioned proceeding, and had no notice thereof.

The court below held that on these facts Cynthia A. Grove was entitled to one-ninth of the land, and the appellant to eight-ninths thereof. Of this the appellant, in our opinion, has no right to complain.

It is clear that the administrator of Groom could only sell the land subject to whatever right the law gave to his widow therein. The following statutory provision seems

to us to be decisive of the rights of the widow in the premises.

"If the husband shall have made a contract, subsisting at the time of his death, for real estate, and paid only part of the consideration, and said real estate shall be sold after his death under any decree, or by virtue of any power or devise in the will of the husband, the widow shall be entitled to her third of such real estate, in proportion to the amount paid under said contract by the said husband." 1 R. S. 1876, p. 413, sec. 30.

The appellant insists that this statute is not applicable to the case, because the sale was made by the administrator of Groom, to raise money with which to pay what was due from Groom on his purchase. He claims that the vendor's lien is paramount to the rights of the widow, and must be satisfied before she can have any interest in the property. If the question depended upon general principles of law, the position of the appellant would seem to be well fortified; but it can not prevail against the explicit and unequivocal language of the statute above set out. Indeed, the construction contended for would, it seems to us, substantially overturn and abrogate the statute; for the vendor always has a lien upon real estate sold for the purchase-money, unless he has taken other security, or has otherwise waived it. This statute does not abrogate the vendor's lien, but it cuts down slightly the amount of land against which it may be enforced in case of the purchaser's death leaving a portion of the purchase-money unpaid, and the land is sold as provided for therein. It leaves him a third more of the land, against which he may enforce his lien, than the amount of purchase-money unpaid bears to the whole amount. Thus, for six-ninths of the purchase-money he may sell eight-ninths of the land. The statute works no particular injustice, especially as the vendor, when he makes the sale, is presumed to know the law fix-

ing the rights of the widow in case of the purchaser's death.

The appellant has cited the following authorities as bearing upon the question : *Smith* v. *Addleman,* 5 Blackf. 406 ; *Crane* v. *Palmer,* 8 Blackf. 120 ; *Kintner* v. *McRae,* 2 Ind. 453 ; *Malin* v. *Coult,* 4 Ind. 535 ; *Fisher* v. *Johnson,* 5 Ind. 492. But we are of the opinion that the statute is applicable to the case, and that it admits of no construction that will deprive the widow of her right in the land where it has been sold as provided for. It was the evident intention of the Legislature, that the widow should have an interest in the land to the extent of one-third of the purchase-money paid by her husband in his lifetime, where the land is sold as provided for by the statute, whether the sale be made to pay the residue of the purchase-money or otherwise.

The judgment below is affirmed, with costs.