No. 7243.

KEITH v. HUDSON.

REAL ESTATE.—*Decedents' Estates.*—*Descents.*—*Widow's Interest.*—*Vendor's Lien Paramount.*—If a purchaser of real estate die the absolute owner of a title bond thereto, the lien of the vendor for the purchase-money due him is paramount to the claim of his widow.

SAME.—*Surety.*—*Assignment of Title Bond.*—*Indemnity.*—*Subrogation.*—Where a title bond has been assigned to indemnify a surety, with agreement to reassign, and the surety has, after the death of the vendee, assumed the payment of the notes for purchase-money, as well as the notes on which he was surety, and the administrator has surrendered his agreement to reassign the title bond, the surety is subrogated to the rights of the vendor, and may hold the bond, or the land if he has received a deed, until the debts for which the bond was pledged to him are paid.

SAME.—*Widow's Remedy.*—*Accounting.*—In such case, the surety holds the bond, or the land, as a security, and the widow's remedy is to have an accounting, and to redeem the premises when the amount due the surety is ascertained.

SAME.—*Part Payment of Consideration.*—Under section 30 of the statute of descents, the lien of a vendor for purchase-money of land yields in part to the claim of the widow of the vendee, and if the husband has paid part of the consideration, and the real estate is sold under any decree, or by virtue of any power or devise in his will, she is entitled to her third of such land, in proportion to the amount paid thereon.

From the Jennings Circuit Court.

*D. Overmyer*, for appellant.

*J. D. New* and *W. Dixon*, for appellee.

NEWCOMB, C.—The appellant was the plaintiff below. Her complaint was for a partition of real estate, of which she alleged the appellee was in possession, claiming the exclusive title. The facts stated are, that the plaintiff is the widow of Samuel R. Keith, deceased; that, during his lifetime, one Milley Fish executed to him a title bond for the land in question, conditioned for a conveyance in fee simple on the payment of the purchase-money; that the decedent paid more than one-third of the purchase-money, and gave his notes for the residue; that afterward said Samuel assigned the title bond to the defendant Hudson, to indemnify him as surety

upon certain promissory notes of said Samuel, and Hudson executed a writing by which he agreed to reassign said bond to his assignor, if the latter should punctually pay the notes on which Hudson was such surety. Keith died, leaving said notes unpaid, as well as the notes for the purchase-money of the land. An arrangement was subsequently made between Keith's administrator and Hudson, with the assent of Keith's creditors, by which Hudson assumed the payment of said notes on which he was surety and gave his own note to Milley Fish for the balance of purchase-money due on the land, and the administrator surrendered the agreement by which Hudson had obligated himself to reassign the title bond to Keith. Pursuant to this arrangement, Hudson procured and surrendered to the administrator the notes held by Milley Fish, and also the notes on which he was surety. It is further alleged that the property was worth $1,600, and that the sum of the debts so assumed by Hudson did not exceed $900. Judgment was rendered against the appellant, on a demurrer to her complaint.

It is claimed by the appellant, that she is entitled to one-third of the land in question, either under section 27 or section 29 of the statute of descents. These sections are as follows:

"Sec. 27. A surviving wife is entitled, except as in section seventeen excepted, to one-third of all the real estate of which her husband may have been seized in fee simple, at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law; and also of all lands in which her husband had an equitable interest at the time of his death.

"Sec. 29. If the husband shall have made a contract for lands, and, at the time of his decease, the consideration in whole or in part shall not have been paid, but after his death the same shall be paid out of the proceeds of his estate; his

widow shall have one-third of said lands in the same manner as if the legal estate had vested in the husband during the coverture.''

If Samuel R. Keith had any equitable interest in the real estate in controversy, at the time of his death, it was subject to the burden of the notes on which Hudson was surety, and to the unpaid purchase-money. Had Keith died the absolute owner of the title bond, the lien of the vendor for the purchase-money due was paramount to the claim of his widow. *McMahan* v. *Kimball,* 3 Blackf. 1; *Fisher* v. *Johnson,* 5 Ind. 492; *Talbott* v. *Armstrong,* 14 Ind. 254; *Patton* v. *Stewart,* 19 Ind. 233; *Crane* v. *Palmer,* 8 Blackf. 120; *Alexander* v. *Herbert,* 60 Ind. 184.

Unless the arrangement made between Hudson and the administrator is to be regarded as a payment of the balance of the purchase-money from the proceeds of the estate of Samuel R. Keith, such purchase-money is still owing to Milley Fish; or, if it has been paid by Hudson, it is owing to him, and he is subrogated to the rights of the vendor. That the parties did not regard the transaction as a payment of the purchase-money by the administrator, so as to revest the title bond in the estate of Keith, is evident from the fact that the agreement of Hudson to reassign the title bond was surrendered, leaving the assignment to him absolute.

Whether the administrator had lawful authority to make this contract with Hudson we need not inquire, as no objection is made to it by the appellant. On the contrary, she claims a supposed benefit from the act of the administrator, and, so far as she is concerned, affirms it. If the appellant seeks to profit by the arrangement between the administrator and Hudson, it would be manifestly inequitable to cast all its burdens upon the latter. He was entitled to hold the title bond until the notes on which he was surety were paid; and, if compelled to pay them himself, he was entitled to be reimbursed from the proceeds of the bond or of the land.

So, if to make the bond available to him as a security, it became necessary for him to pay the balance of the purchase-money, the lien of the vendor would pass to him by subrogation. Besides this security, he would have had a claim against the estate of Keith for whatever sum he might have to pay as surety on the notes. By the contract with the administrator, the estate was relieved of this liability, and of the indebtedness to Milley Fish, and Hudson was released from his obligation to reassign the title bond. If the appellant affirms this transaction, she must affirm it in its entirety On the other hand, if she repudiates it, and the administrator exceeded his authority in making it, the case stands as though it had not been made, and Hudson is entitled to hold the bond, or the land if he has received a deed, until the debts for which the bond was pledged to him are paid. In that case he holds the bond or the land as a security, and the widow's remedy is to have an accounting, and to redeem the premises when the amount due to Hudson is ascertained.

There is one contingency in which the lien of a vendor for purchase-money yields in part to the claim of the widow of the vendee. Section 30 of the statute of descents provides that "If the husband shall have made a contract, subsisting at the time of his death, for real estate and paid only part of the consideration, and said real estate shall be sold after his death under any decree, or by virtue of any power or devise in the will of the husband, the widow shall be entitled to her third of such real estate, in proportion to the amount paid under said contract by the said husband."

Under this section it was held in *Carver* v. *Grove*, 68 Ind. 371, that when a deceased husband had paid one-third of the price of a tract of land, and his administrator afterward sold said land under an order of the proper court, to raise means to pay the residue of the purchase-money, the widow was entitled to one-ninth of the land as against the purchaser at the administrator's sale. But it does not appear in the

case in hand that the administrator acted under any power or devise, or that Samuel R. Keffth left a will, nor does it appear that there was any decree or order of court authorizing or directing the transaction had between the administrator and the appellee. Section 30 is, therefore, inapplicable to the case.

We find no error in the action of the circuit court, and its judgment should be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things, affirmed, at the costs of the appellant.