### SARVER ET AL. *v.* CLARKSON.

[No. 18,904. Filed March 9, 1901.]

VENDOR AND PURCHASER. — *Foreclosure of Lien.* — *Husband and Wife.*—*Parties.*—The interest of a wife in lands conveyed to her husband is subject to the superior equity and lien of the vendor, and she need not be made a party in a suit by the vendor to enforce his lien for unpaid purchase money in order to bind her interest in the land. *pp. 317-319.*

SAME.—*Foreclosure of Lien.*—*Judgment.*—*Collateral Attack.*— *Husband and Wife.*—The title acquired by the foreclosure of a vendor's lien cannot be defeated in a subsequent action by the vendor for possession, by vendee's wife, by proof of facts which might have been available to the vendee as a defense in the original action, but which he failed to plead or prove. *p. 320.*

From the Montgomery Circuit Court. *Affirmed.*

*B. Crane, A. B. Anderson* and *M. W. Bruner,* for appellants.

*T. E. Ballard* and *E. E. Ballard,* for appellee.

Sarver *v.* Clarkson.

Dowling, C. J.—The appellee, Clarkson, sued the appellant, Albert J. Sarver, to recover the possession of a tract of land. Upon her petition, Luella Sarver, the wife of the said Albert J., was, by the order of the court, made a defendant, and she filed her cross-complaint against Clarkson. Issues of fact were formed, and, upon the trial of the cause by the court, a special finding was made in favor of the appellee, and judgment was rendered thereon. The defendants below appeal. The errors assigned by the appellant Luella Sarver are upon the decisions of the court sustaining demurrers to the first and third paragraphs of her cross-complaint; overruling a demurrer to the first paragraph of the answer of the appellee to the second paragraph of her cross-complaint; and upon the conclusions of law against her. Albert J. Sarver separately assigns error upon the conclusions of law against him.

The material facts of the case as stated in the special finding were these: On September 27, 1893, the appellee, Clarkson, sold, and by warranty deed conveyed, to the appellant Albert J. Sarver the land in Montgomery county, Indiana, described in the complaint and cross-complaint, and the grantee took possession under his deed. At the time of such sale the land conveyed was subject to a mortgage debt of $750, for which the grantor, Clarkson, was liable, and which the grantee, Albert J. Sarver, as a part of the consideration for said sale and conveyance, assumed and agreed to pay. For the balance of the purchase money, amounting to $2,670, he executed his promissory note to the appellee, Clarkson, payable three years after its date. Sarver afterwards paid off the mortgage debt of $750, but he failed to pay his note, or any part of the sum evidenced by it. Clarkson brought suit upon the note and to enforce his vendor's lien for the unpaid balance of the purchase money. The action was against Sarver alone, his wife not being joined as a defendant. Sarver appeared to the action, and such proceedings were afterwards had that Clarkson

recovered a judgment against Sarver for $2,810 and costs, and for the enforcement of his lien by the sale of the land. It was found by the court that Sarver had no other property with which to pay said claim and debt. In pursuance of this judgment the land was afterwards sold by the sheriff and Clarkson became the purchaser. Sarver failed to redeem within the year, and a deed for the premises sold was executed by the sheriff to Clarkson. The value of the land was about $3,000. Sarver owned personal property of the value of $650, subject to execution, although the court found that he owned none. Luella Sarver was the wife of Albert J. Sarver when he bought the land from Clarkson, and is yet his wife. Sarver was, during all the period covered by these proceedings, a resident householder of said Montgomery county. The appellant Luella Sarver claims title to the one-third of the land in controversy, by virtue of her right as the wife of Albert J. Sarver, and she insists that on the sale of the premises under the judgment in favor of Clarkson her inchoate interest became vested and absolute, and that in this action she is entitled to have her title quieted and to partition. She asserts that, as she was not a party to the suit to enforce the vendor's lien for the unpaid purchase money, she is not bound by the judgment and proceedings in that case, and that her interest in the land was not affected by that judgment and sale. She contends that, even if the judgment against her husband and the sale thereunder were *prima facie* sufficient to cut off or destroy her inchoate interest in the land, yet she has the right to show that Clarkson waived his lien, and that the judgment directing the enforcement of the lien by the sale of the real estate was erroneous as to him, and void as to her, for the reason that at the time of the commencement of the action, and at the date of the judgment, her husband owned personal property situated in Montgomery county, and subject to execution, to the amount of $650.

The real estate in controversy was purchased by the hus-

band. He failed to pay for it. In the suit against him the court found that he owed $2,810 of the purchase money; that the vendor, Clarkson, had a lien on the land therefor; that the husband had no other property subject to execution, and that the land should be sold to pay the sum found due on account of the unpaid purchase money. The appellant Luella Sarver had no interest in the land excepting an inchoate and incomplete claim, which she held solely as the wife of the defaulting vendee, and which was subject to the superior equity and lien of the vendor. She had paid nothing, and she was not in a situation to set up a claim of title against the vendor, who had not been paid for his land. The effect of the allowance of her claim would be that the appellee would lose one-third of his land, and she would get it for nothing.

In a suit to foreclose a mortgage given for the unpaid purchase money of land, executed by the husband alone, the wife is not a necessary party defendant. §2656 Burns 1894. It has been held that when land is bought subject to a mortgage, the wife of the purchaser need not be made a party to an action to foreclose the mortgage. *Kissel* v. *Eaton,* 64 Ind. 248. So, the wife of a co-tenant is not a necessary party in a suit for partition between her husband and his co-tenants, and a decree in such a suit, where her husband is a party, is binding upon the inchoate interest of the wife in the land divided, although she is not a party to the suit, and survives her husband. *Haggerty* v. *Wagner,* 148 Ind. 625, 39 L. R. A. 384.

The principle upon which these and many other cases of a similar character are decided is that the wife has no interest, or estate, in the land as against the holder of the lien, or the holder of the right to proceed against the land. The same rule has been applied in cases of vendors' liens. *Whetstone* v. *Baker,* 140 Ind. 213; *Grimes* v. *Grimes,* 141 Ind. 480; *Crane* v. *Palmer,* 8 Blackf. 120; *Fisher* v. *Johnson,* 5 Ind. 492; *Carver* v. *Grove,* 68 Ind. 371; *Alexander* v. *Herbert,* 60 Ind. 184; *Petry* v. *Ambrosher,* 100 Ind. 510.

The appellant Luella Sarver cannot assail the validity of the judgment rendered against her husband. He was the proper party to that suit, and the only necessary defendant. The title acquired under that judgment by the vendor cannot now be defeated by proof of facts which might have been available to the husband by way of defense, but which he failed to plead or prove. The views we have expressed dispose of all the points made upon the rulings of the trial court on the several demurrers. We find no error in these rulings.

. The last point discussed by counsel for appellants is the alleged insufficiency of the special finding as to each appellant, because of its omission of the fact "that the appellee is entitled to the possession of the real estate." While the finding does not state, in so many words, that the appellee is entitled to the possession of the land, the other facts specifically found are equivalent to such statement, and the legal conclusion from them, that the plaintiff is entitled to recover on his complaint, is inevitable. The right of the plaintiff below was evident, and the claim of the appellants was without merit. Under the facts found, the judgment was just and proper, and it is affirmed.