TURNER, use, etc., vs. HORNER, Adm'r, etc.

1. VENDOR'S LIEN: *Not affected by probate of the claim.*
   The vendor's equitable lien is not affected by the probate and allowance of the claim against the estate of the vendee.

2. — *Does not pass by the assignment of a judgment for the purchase money.*
   A vendor of real estate recovered a judgment, in the 'probate court, against the estate of the vendee, for the purchase money, assigned the judgment, and afterwards filed a bill to enforce the vendor's equitable lien, for the benefit of the assignees: *Held*, that the lien did not pass to the assignees of the judgment, and the bill could not be maintained.

APPEAL from *Phillips* Circuit Court.
Hon. M. L. STEPHENSON, Circuit Judge.
*Adams*, for appellant.
*Garland*, contra.

WALKER, J. In 1868, the complainant, William S. Turner, sold to James H. Keys a tract of land, for the price of $3,200, of which $2,000 was paid, and a note executed to Turner, due one year after date, for $1,200, and in a further agreement in regard to the title of the land, Keys agreed to give the further sum of $320, which sum was added to the $1,200. The first note was given up, and a second note given for $1,520. A deed was

executed to Keys for the land, which he held until 1865, at which time he died, and his estate was administered upon.

Turner, the vendor, who held the note, lost it, but made such proofs of its loss, and that it had not been paid, that it was probated, allowed, and classed as a claim or judgment, against Keys' estate.

After this Turner, by a written instrument, for value received, sold and transferred this judgment to F. C. Cage, who thereafter transferred the same to L. and J. W. Cage. The administrator of the estate of Keyes paid upon the claim, or judgment, $500.75, which, from the case presented, we may suppose was the distributive amount due out of the proceeds of the personal estate. The administrator of the estate of Keys filed his petition for the sale of the real estate of Keys, and such proceedings were had, that an order was made authorizing the administrator to sell the real estate of Keys, of which the tracts sold by Turner to Keys was a part. Horner, the administrator, advertised the land for sale, and the complainant, Turner, for the use of L. and J. W. Cage, filed his bill to enjoin the sale of the land so conveyed by Turner to Keys, and to assert a vendor's lien on the land, to satisfy the claim or judgment, which he had sold to F. C. Cage, who had assigned it to L. and J. W. Cage. The heirs and administrator of Keys were made parties to the bill. Answers were filed, one of which questioned the equity of the bill by demurrer. The demurrer to the bill was sustained, and the bill dismissed, and plaintiff appealed to this court.

There is no question but that Turner, as vendor, had a lien upon the land sold by him to Keys, for the payment of the balance of the purchase money, and that the mere fact of his probating his claim, and having it classed and allowed in the probate court, did not affect the lien right to satisfaction; and, as this is a mere implied lien, not contracted for, under our

administration laws, it is questionable whether he could assert his right to satisfaction out of the land, until the personal assets had been first exhausted.    Gould's Dig., ch. 97, p. 119. But the question is, whether by parting with his debt, he did not deprive the owners of the debt of the benefit of this lien. In Leading Cases in Equity, Hare and Wallace's Notes, vol. 1, p. 366, it is said the lien exists only as between the vendor and vendee, and perhaps their privies in estate or law, and then only for the unpaid purchase money.    It is merely a personal and equitable right, not passing with the assignment of the vendee's obligation, but extinguished when an assignment takes place.    Such is the decision of the courts of most of the states, and the repeated decisions of this court.    Where the title to the estate is not parted with, or the debt is secured by an express lien by contract, the rule is different. In this case, if Turner had parted with the debt by an assignment of the note for the purchase money, it is conceded that the lien would have been lost; but his debt had been merged into a judgment, and was not assignable, but sold to Cage, by force of which, although the right to enforce satisfaction would have been different, still the debt, the right to the money, was absolute, as if passed by assignment of the note ; and if, as has been conceded, the lien would not pass with the debt into the hands of the assignee of the note, we can see no good reason why it should pass to the purchaser of the debt.    In either case, the vendor has parted with his debt, and has no right to satisfaction by force of the lien, because he has no debt to be satisfied.

The authorities cited by counsel do not, in our opinion, conflict with this view of the case.    In the case of *Crawley v. Riggs*, 24 Ark., 566, the notes were assigned as collateral security, and when the court say, in the opinion delivered in that case, that Riggs could have paid off the notes and have

enforced his lien, it is because then the debt and the lien, which had been separated by the assignment, were again united in the vendor, and fully accords with the decision made at the present term of this court, in the case of *Bernard Bernays v. Field and Dolly et al., ante,* p. 218. In that case, Douglass sold certain lots of land, and gave to the purchasers a bond for title, upon payment of the purchase money. This bond for title was by assignment several times transferred to other parties. Under this state of case, it was held that Douglass held the legal title to the lots with a specific lien upon them, for the payment of the purchase money, and that the effect of the subsequent sales and assignments of the bond created subsequent liens upon the lots, for the payment of the purchase money, to be satisfied in their order, in the nature of subsequent mortgages. 14 Ark., 626; 13 id., 534; 16 id., 145; 18 id., 553. Dolly and Field, to whom the bond for title had had been assigned, made an assignment of the bond to Rector, who executed his note to Field and Dolly for the payment of the purchase money. They assigned the note to Benedict, Hall & Co. The note was protested for nonpayment, and paid and taken up by Field and Dolly, to whom Benedict, Hall & Co. reassigned the note, but without recourse upon them; that Benedict, Hall & Co., as assignees, held a lien upon the lots for the payment of the notes given for the purchase money; and that under ordinary circumstances, when an assignment is made without recourse, as held in *Williams v. Christian,* 23 Ark., 255, the vendor's lien would not pass, but as the assignment was made to Field and Dolly, who held the vendor's lien, the effect of which was to reunite in the vendors the debt and the right to enforce satisfaction under the lien, for which they had contracted, they had a right to enforce the vendor's lien upon the lots so conveyed. See *Kelly v. Payne,* 18 Ala., 371.

The lien right to satisfaction in this case was upheld upon the express ground that the debt and the lien right had by the reassignment been united in the vendor.

But in the case under consideration, Turner, the vendor, has not regained his title to the debt. He sues as a mere nominal party, for the use of L. and J. W. Cage, to whom the judgment was sold, and insists that he had a right to do this because, should the estate of Keys prove to be insufficient to pay the debt, that Cage will have his recourse against him for any balance due Cage upon his purchase. In this, no greater liability to pay rests upon him than if he had assigned the note. The liability to pay is a mere contingency, which from the state of case presented may never arise.

Under this view of the case, we think that the demurrer was properly sustained to the bill.

Let the decree of the court below be affirmed.