Leonard *et al. v.* Blair.

The court did not err in sustaining the demurrer.

The judgment is affirmed, at the costs of the appellant.

———————◆———————

## LEONARD ET AL. *v.* BLAIR.

DECEDENTS' ESTATES.—*Surviving of Right of Action.*—An action on account, for the value of chattels sold and delivered, survives against the personal representative of the debtor, and not against his heirs.

SAME.—*Liability of Heirs.*—In no case are the heirs, devisees or distributees of a deceased debtor personally liable to the creditor, except where the latter, six months prior to final settlement of the decedent's estate, was insane, an infant, or out of the State, and then only to the extent of the property received by them from such estate.

SAME.—The creditor of a decedent must collect his claim against the decedent's estate, through an administration of the same under the law; and he can not maintain an action for the same against the heirs, devisees or distributees of the decedent, where there has been no administration.

VENUE.—*Change of Judge.—Supreme Court.—Presumption.—Practice.*—Where, on appeal to the Supreme Court, the record, in relation to a declination of the regular judge to preside, and his appointment of another judge, showed that such declination and appointment were made, without objection, "for good and lawful reasons."

*Held,* that, in the absence of any thing in the record to the contrary, it will be presumed, that such declination was made on some of the grounds specified in section 1, 2 R. S. 1876, p. 10.

SAME.—*Judgment.— Form of.*—An objection, that, on a finding against several defendants, judgment was rendered against a part of them only, is unavailable on appeal, unless, at the time judgment is rendered, objection or exception be taken to its form.

From the Miami Circuit Court.

*R. P. Effinger* and *N. O. Ross,* for appellants.

HOWK, J.—The appellee, as plaintiff, commenced this action against the appellants, as defendants, in the court below, on the 16th day of July, 1873.

In his complaint, the appellee alleged, in substance, that

the appellants, Marcus Leonard, Thomas Leonard, Caroline Ellis, Jonathan W. Ellis and Russell R. Leonard, were the children and heirs at law of one James R. Leonard, who died in Miami county, Indiana, intestate, on January 8th, 1872, leaving an estate, both real and personal, of the value of five thousand dollars; that no administration was ever had on said estate; that said James R. Leonard, in his lifetime, became indebted to the appellee, for goods sold and delivered to him at his special request, in the sum of fifty dollars and fifty cents, a bill of particulars of which was filed with, and made part of, said complaint; that said sum was due, and, with lawful interest thereon, was wholly unpaid; that the appellants, being the heirs at law of said decedent, and all of full age, met together on January 26th, 1872, and agreed between themselves, that no letters of administration should issue on the estate of their said father, and then and there made a division of said decedent's estate among themselves, each of said heirs receiving a large amount, to wit, two thousand dollars, and agreed by and between themselves to pay the debts of said decedent. Wherefore the appellee said, that the appellants were liable to him for the amount of his said debt and interest, and he asked judgment for one hundred dollars, and other proper relief.

The appellants demurred to appellee's complaint, upon the following grounds of objection:

1. That it did not state facts sufficient to constitute a cause of action; and,

2. That the court had no jurisdiction of the persons of the appellants, or of the subject of this action.

This demurrer was overruled by the court below, and to this decision the appellants excepted. The appellants Marcus and Russell R. Leonard jointly answered in two paragraphs, as follows:

1. A general denial; and,

2. That the appellee's cause of action did not accrue

within six years before the commencement of this action.

To the second paragraph of this answer, the appellee replied by a general denial.

The record recites, that the appellants Caroline and Jonathan W. Ellis and Thomas Leonard filed their answer, but this answer is not found in the transcript.

At the December term, 1874, of the court below, before a special judge thereof, the cause was tried by the court, without a jury, and a finding made for the appellee, assessing his damages at the sum of fifty-four dollars and fifty cents. The appellants' motion for a new trial was overruled, and to this ruling they excepted; and judgment was rendered by the court against the appellants Marcus and Russell R. Leonard, for said sum of fifty-four dollars and fifty cents, and the costs of suit. It does not appear from the record, that any judgment whatever was rendered by the court below, either for or against the said Caroline and Jonathan W. Ellis and Thomas Leonard.

In this court, the appellants have assigned the following alleged errors of the court below:

1. In overruling their demurrer to appellee's complaint;

2. In calling another judge to try this cause;

3. In changing the venue of this cause from the regular judge of the court below, without authority of law;

4. In overruling the motion for a new trial; and,

5. In rendering a separate judgment against the appellants Marcus and Russell R. Leonard, on a joint finding against them and the said Caroline and Jonathan W. Ellis and Thomas Leonard.

We will consider and decide the questions presented by these several alleged errors in the order of their assignment.

1. Did the appellee's complaint state facts sufficient to constitute a cause of action in his favor and against the appellants?

It seems to us, that this question must be answered

in the negative. The statute of this State providing for the settlement of decedents' estates evidently contemplates that the estate of every deceased person shall be settled by administration, by either an executor or an administrator, under the approval of the proper court. To this end, it is provided by the 7th section of the statute referred to, that letters of administration shall be granted on the estate of every intestate by the proper court or clerk, " *First,* to the widow; *second,* to the next of kin; *third,* to the largest creditor residing in the State; and *fourth,* if no person thus entitled to administer shall apply within thirty days after the death of the intestate, the clerk or court shall appoint a competent inhabitant of the county, to whom the letters shall issue." 2 R. S. 1876, p. 492. The creditor of a deceased intestate, under this section of the statute, can readily procure the appointment of an administrator of his debtor's estate, if the persons entitled to administer should neglect or refuse to take out letters; and this, we think, is the only safe course for the creditor to pursue.

Under section 217 of the practice act, the appellee's cause of action, stated in his complaint, against the said James R. Leonard in his lifetime, at his death survived against his personal representatives, and not against his heirs at law. 2 R. S. 1876, p. 127. It is provided, however, by section 178 of the act providing for the settlement of decedents' estates, that " The heirs, devisees and distributees of a decedent, shall be liable to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed." 2 R. S. 1876, p. 554. This is the only statutory provision in this State subjecting the heirs of a decedent to any liability for the debts of their ancestor; and it is clear, from the

averments of appellee's complaint, that he has failed to state a case within the terms of the statute. It is the law of this State, as we construe it, that a creditor must collect his claim against the estate of a decedent, by and through an administration of such estate, under the law; and that he can not maintain an action for his debt against the heirs, devisees and distributees of a decedent, where there has never been any administration of said decedent's estate. *The North-Western Conference of Universalists* v. *Myers*, 36 Ind. 375; *Wilson* v. *Davis*, 37 Ind. 141. We have no brief of this cause from the appellee in this court, and we can not understand upon what ground his complaint was held to be sufficient in the court below. We think that the court erred in overruling the demurrer to the complaint, for the want of sufficient facts therein.

The second and third alleged errors relate to the same subject, and alike call in question the action of the regular judge of the court below, in declining to preside, and in calling another judge to preside at the trial of this cause.

The record fails to disclose that the appellants either objected or excepted to this action of the regular judge; and, therefore, we think they are in no condition to complain of the matter. It is provided, however, by the 1st section of "An act providing for the trial of causes in the several circuit courts in cases in which the circuit judge is interested or related to either of the parties," etc., approved March 1st, 1855, that, in certain specified cases, "it shall be lawful for such judge, in his discretion, to decline presiding during the trial of such cause;" and the other sections of said act authorize such presiding judge, in any such case, to appoint another judge for the trial of such cause. 2 R. S. 1876, p. 10.

In the case now before us, the order of the presiding judge, appointing another judge, recited, that, "for good and lawful reasons," he declined to preside at the trial of

this cause.   Nothing appearing to the contrary, we think we may fairly assume, that these "good and lawful reasons" included some one or more of the causes specified in said 1st section of said last mentioned act, for which it was lawful for such presiding judge, in his discretion, to decline presiding during the trial of this action.  *Joyce* v. *Whitney*, 57 Ind. 550.

The fourth error assigned by the appellants was the overruling of their motion for a new trial; but, as the evidence on the trial is not in the record, no question is presented by this alleged error, for our decision.

The fifth error is, that the court below erred in rendering a judgment against two only of the five defendants to the action, on a finding of the court against all the defendants.   This error would have been well assigned, in our opinion, if the appellants had objected or excepted to the form of the judgment.   As a general rule, it may well be said, that the judgment must follow the finding of the court, or the verdict of the jury.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to sustain the appellants' demurrer to appellee's complaint, and for further proceedings.