OVERLY ET AL. *v.* TIPTON, ADM'R.

CONVEYANCE OF REAL ESTATE.—*Deed.—Imperfect Description.—Action to Recover Purchase-Money.—Tender.*—Where a deed attempting to convey real estate contains such an imperfect and erroneous description as to pass no title to the grantee, and where it appears that the conveyance is to precede the payment of the purchase-money, a good and sufficient deed must be made and tendered before the commencement of any suit for the recovery of the purchase-money.

SAME.— *Vendor's Lien.—Reformation of Deed.—Parties.* — Upon the death of the grantor, in such case, without having executed and delivered a proper deed to the grantee, the legal title to the real estate descends to his widow and heirs at law ; and, in a suit by the administrator of such grantor to collect the purchase-money and to enforce an alleged vendor's lien, and asking also for a reformation of the deed, such widow and heirs are necessary parties defendants ; but, it being averred in the complaint that the grantee had died leaving no personal estate to be administered, his administrator is not a necessary party defendant.

SAME.—*Pleading.*—A complaint to reform a deed will be bad on a demurrer for the want of facts, if a copy of such deed is not made part of the complaint.

From the Fountain Circuit Court.

*J. McCabe*, for appellants.

*W. A. Tipton, S. F. Wood, L. Nebeker* and *S. M. Cambern*, for appellee.

Howk, C. J.—In this action the appellees sued the appellants, as the heirs at law of one Allen T. Overly, deceased, in his original complaint, to foreclose a certain mortgage alleged to have been executed by said Allen T. Overly, in his lifetime, to the appellee's intestate, Charles L. Moore, in his lifetime, on certain real estate in Fountain county, Indiana, and to collect the debt secured by said mortgage. To this original complaint the appellants' demurrer was sustained by the court. Pending the consideration of said demurrer, the appellee filed a second paragraph to his complaint, in which he set up and sought to enforce a vendor's lien on the same real estate for the collection of the same debt. The appellants' demurrer to this second-paragraph of complaint was overruled by the court, and to this ruling they excepted; and they then answered in four paragraphs, of which the first was a general denial, and each of the other paragraphs was a special defence. To the special paragraphs of answer, the appellee replied by a general denial.

The issues joined were tried by the court, and a finding was made for the appellee for the balance due on said debt, and that the payment thereof was secured by a vendor's lien on said real estate, and judgment was rendered accordingly.

The only error assigned by the appellants in this court is the decision of the circuit court in overruling their demurrer to the second paragraph of the appellee's complaint.

In this second paragraph of the complaint, which is the only complaint in the record, in so far as any question before this court is concerned, and will be so spoken of in our consideration of this case, the appellee alleged, in substance, that on the 25th day of November, 1865, his

intestate, Charles L. Moore, then in life, was the owner, in fee-simple, of all that part of the west half of the east half of section 22, in township 21 north, of range 8 west, lying south and east of the Wabash river, in said Fountain county, and containing 76.30 acres of land, more or less; that, on said last-named day, the said Charles L. Moore sold and conveyed the said land in fee to one Allen T. Overly for the sum of nine hundred dollars, and put him in the possession of said premises; that, at the time of his said purchase, the said Allen T. Overly paid the said Moore the sum of one hundred dollars as a part of said purchase-money, and, for the remainder thereof, executed to said Moore his three promissory notes of that date, of which the first two were each for three hundred dollars, and due respectively in one and two years, and the third note was for two hundred dollars, was due in three years from date, and all bearing interest at the rate of ten per cent. from date; that the note first due had been fully paid, and that certain specified payments had been made on the other two notes; that on said 25th day of November, 1865, the said Charles L. Moore and Elizabeth E., his wife, executed and delivered to said Allen T. Overly a deed of the land so sold to him as aforesaid, a copy of which deed was therewith filed; that in said deed the said land so sold to said Allen T. Overly was, by mistake, described as the west fraction of the south-east quarter of section 22, township 21 north, of range 8 west, containing 76.30 acres; that the description in said deed was erroneous, and, in fact, did not describe any premises whatever, and was inserted in said deed by the mistake of the parties, instead of the true and correct description first above given; and that it was necessary that the description in said deed should be amended accordingly, in order that it might pass and convey any premises whatever to the purchaser, and thus conform to the actual intentions of the parties to said deed; that, since

the execution of said deed and said notes, the said Charles L. Moore and Allen T. Overly had both died intestate; that said Allen T. Overly had left no personal estate to be administered, and no letters of administration had ever been issued on his estate; that the appellee was the administrator of the estate of said Charles L. Moore, deceased; that the said Allen T. Overly left no widow or issue surviving him; and that the appellants, his father, brother and sister, were his only heirs at law, to whom said land descended, and who were then in possession thereof. Wherefore the appellee asked judgment, that said deed be reformed, and that the unpaid purchase-money be declared a vendor's lien against said land, and that, in default of payment thereof by the appellants, the said land, or so much thereof as might be necessary, might be sold to satisfy the same, etc.

To this complaint, the appellants demurred upon two grounds of objection:

1. That it did not state facts sufficient to constitute a cause of action against them; and,

2. That there was a defect of parties defendants, in this, that the heirs at law of said Charles L. Moore, deceased, were necessary parties defendants, and in this, that the administrator of the estate of said Allen T. Overly, deceased, was a necessary party defendant.

It seems to us that the first of these causes of demurrer was well assigned, for the complaint did not state sufficient facts to constitute a cause of action. It was alleged in the complaint, that the notes in suit were given by the decedent, Allen T. Overly, for the unpaid balance of the purchase-money of a certain described tract of land, in Fountain county. From the fact alleged in the complaint, that the appellee's intestate, Charles L. Moore, at the time of the sale of said real estate, attempted to convey the same by deed to the purchaser, Allen T. Overly, it

may reasonably be inferred, we think, that, by the contract and agreement of the parties, the conveyance of said real estate, by said Moore to said Overly, was to precede the payment of the purchase-money. It is conceded in the complaint, that the real estate actually purchased by said Allen T. Overly, and for which he gave his notes now in suit, had never been conveyed to him or his heirs by the said Charles L. Moore or his heirs; and it is further conceded in said complaint, that the deed executed by said Moore to said Overly, when said notes were given, not only failed to describe the land sold by Moore and purchased by Overly, but did not in fact describe any premises whatever. If the conveyance of the real estate and the payment of the balance of the purchase-money were acts to be done concurrently, it is certain, we think, that no action could be maintained for the collection of the purchase-money, until a good and sufficient deed of the real estate purchased had been made and tendered to the purchaser, his heirs or assigns. This is the rule where the conveyance and the payment are to be done concurrently; and certainly, where it appears, as in this case, that the conveyance of the real estate was to precede the payment of the purchase-money, the deed must be made and tendered before the commencement of any suit for the recovery of the purchase-money. *Parker* v. *McAllister*, 14 Ind. 12; *Smith* v. *Turner*, 50 Ind. 367; *Melton* v. *Coffelt*, 59 Ind. 310; and *Sowle* v. *Holdridge*, 63 Ind. 213.

In so far as the appellee's complaint seeks to reform the deed alleged to have been executed by the said Charles L. Moore and Elizabeth E., his wife, to said Allen T. Overly, the complaint is defective, on the demurrer for the want of facts, in this, that a copy of such deed was not set out in nor filed with such complaint. There is a recital in the complaint, to the effect that a copy of said deed was therewith filed; but the record does not contain any such copy, and therefore we must conclude that it was not filed.

We are of the opinion that the widow and heirs at law of said Charles L. Moore, deceased, are necessary parties defendants in this action. Under the allegations of the complaint, the real estate which said Charles L. Moore sold, but failed to convey, to said Allen T. Overly, upon the death of said Moore, intestate, descended to his widow and heirs at law, so far as the legal title thereto is concerned. It would seem, therefore, that the deed described in the complaint could not be reformed, nor could the appellee obtain a valid judgment, enforcing his vendor's lien, until the widow and heirs of his intestate, as the holders of the legal title to the land, were made parties to the suit, and were thus bound by the judgment rendered therein.

It seems to us, that, under the averment of the appellee's complaint, said Allen T. Overly left no personal estate to be administered, the administrator of said Overly's estate was not a necessary party defendant in this action. Ordinarily, the creditor of a decedent can not collect an unsecured debt from the decedent's estate, except by and through an administration of such estate. *Leonard* v. *Blair*, 59 Ind. 510. A vendor's lien can not be enforced, as a rule, unless it is alleged and shown by the evidence that the vendee or debtor has no other property subject to execution, except the property against which the lien is asserted and sought to be enforced. *McCauley* v. *Holtz*, 62 Ind. 205, and authorities cited. If the decedent, Allen T. Overly, had been possessed of other property, subject to execution, at the time of his death, then it might have been claimed very properly, we think, that the administrator of his estate was a necessary party defendant to this action.

For the reason above given, we are of the opinion that the appellants' demurrer to the second paragraph of appellee's complaint ought to have been sustained.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellants' demurrer to the second paragraph of the complaint.