Nutter v. Fouch.

No. 9873.

NUTTER v. FOUCH.

| 86 | 451 |
| 141 | 51 |
| 86 | 451 |
| 145 | 341 |
| 86 | 451 |
| 151 | 193 |

VENDOR AND VENDEE.—*Married Woman.—Vendor's Lien.*—A woman's right in land in virtue of her marriage is subject to the lien of the vendor for the purchase-money thereof.

SAME.—*Remedy to Enforce Vendor's Lien.*—A vendor of land, having an equitable lien thereon for purchase-money, may seek his legal remedy upon his money demand, together with the enforcement of his lien in one action; but he may first pursue his remedy upon his legal claim alone, without thereby waiving his right to afterwards resort, if necessary, to the equitable enforcement of his lien.

SAME.—*Complaint.*—A vendor's lien on land for unpaid purchase-money is not an original and absolute charge on the land, but only an equitable right to resort thereto if there be not sufficient personal assets; and in an action to enforce such lien, if the complaint do not allege and the evidence show that the vendee has no other property subject to execution, the judgment should not direct the sale of the land except in the event that no other property of the vendee, subject to execution, can be found to satisfy the execution.

SAME.—*Husband and Wife.— Widow of Vendee.—Partition.— Quieting Title.— Counter-Claim.—Sheriff's Sale.*—In an action by a widow for partition and to quiet her title, as to an undivided third of a tract of land, an answer by the defendant, that he had sold the land, with other lands, on credit, to the plaintiff's husband; that for the unpaid purchase-money he obtained a personal judgment against the husband, who had no personal property, and, with his consent and that of the plaintiff, he purchased the tract in controversy on execution issued on his judgment, bidding the full amount thereof, and received a sheriff's deed therefor in 1855, and the husband

died in 1866, is insufficient on demurrer; and the same facts are insufficient as a counter-claim, either to quiet the defendant's title or to enforce a vendor's lien.

SAME.—*Waiver of Lien.*—Taking a personal judgment for the purchase-money of land, and selling the land on execution to satisfy it, is a waiver of the vendor's lien.

SAME.—When the purchase-money is in any manner satisfied, the vendor's lien ceases, and can not afterwards be enforced.

QUIETING TITLE.—*Complaint.*—A complaint to quiet title, which fails to aver that the defendant makes any claim to the title or possession, is insufficient.

SHERIFF'S SALE.—*Married Woman.*—A purchaser at a sheriff's sale in 1855 of a husband's land on execution, under an ordinary judgment against him alone, took it free from any claim of the wife during the husband's lifetime, and forever free therefrom upon her death leaving the husband surviving, but subject to her right to a one-third interest if she should survive the husband.

From the Tipton Circuit Court.

*N. R. Linsday* and *J. W. Kern,* for appellant.

*R. B. Beauchamp* and *G. H. Gifford,* for appellee.

BLACK, C.—The appellee sued the appellant, the complaint being in two paragraphs. In the first, partition was sought of certain land in Tipton county, of which, it was alleged, appellant and appellee were the owners in fee simple as tenants in common, the share of appellee being the undivided one-third. In the second paragraph it was sought, in the usual form, to quiet appellee's title to the undivided one-third of said land against appellant's claim to some adverse interest therein. Appellant answered by a general denial, and filed also three other paragraphs numbered second, third and fourth. Demurrers to these three paragraphs were sustained. The general denial was then withdrawn, and judgment was rendered upon demurrer for the appellee. The rulings upon the demurrers are assigned as errors, but the only questions argued by counsel for appellant arise upon the demurrer to the second paragraph. The other specifications in the assignment of errors will therefore not be further noticed. The second paragraph purported to be pleaded as "for answer and cross

Nutter *v.* Fouch.

complaint," and it was demurred to as an answer and also as a cross complaint.

It alleged, in substance, that in the year 1854 appellant was the owner in fee of certain land described, in said county, including the land described in the complaint; that in that year he sold the land so owned by him to one Daniel Fouch, who was then the husband of appellee, and who died in 1866, leaving appellee his widow, for $2,500, taking two notes therefor from said Daniel, each for $1,250; that no security for said notes or either of them was taken by appellant from said Daniel; that he afterward paid to appellant one of said notes in full and a small portion on the other, and, said Daniel failing and refusing to pay further on the latter note the balance due appellant for purchase-money of said real estate, appellant, on the 9th of August, 1855, conveyed said real estate to said Daniel by deed of general warranty, signed by appellant and his wife, and on or about that day brought suit on said last mentioned note, in the Tipton Circuit Court, and, on the 25th of September, 1855, a judgment was rendered thereon against said Daniel and in favor of appellant for $1,052.30, which was the balance due from said Daniel to appellant for the unpaid purchase-money of said real estate; that said Daniel failing to pay or replevy said judgment, or in any way secure the payment thereof, appellant, on the 11th of September, 1856, caused execution thereon to be issued by the clerk, directed to the sheriff, which went duly into his hands and was by him, on the 19th of December, 1856, by and with the knowledge, advice and consent of said Daniel "and this plaintiff, being as defendant was, at the time, without personal property subject to execution, levied upon " certain land described, being a portion (two-thirds) of the land so conveyed by appellant to said Daniel, and including the land described in the complaint; that said sheriff thereafter duly advertised the land levied on for sale, as required by law, and, on the 17th of January, 1857, sold it at public sale to appellant, who bid

therefor $1,026.66⅔, the full amount of said judgment and costs, and that being the highest and best price bid therefor, and he being the highest and best bidder, the land was properly struck off to him by said sheriff for that price; that said sheriff on the same day executed to appellant a deed for said real estate, which he, on the same day, caused to be recorded, etc. The pleading then states that appellant having purchased in said real estate on a judgment for unpaid purchase-money, which was paramount to appellee's claim, she ought not to recover in this action. It is then prayed that, upon a final hearing of this cause, appellant's title to said land be quieted, and that appellee be barred from ever setting up any claim or demand to the same, and that appellant have other proper relief. Copies of the final entry of said judgment and said sheriff's deed are made exhibits, and it is alleged that the papers in said action against Daniel Fouch and the execution having been lost, they therefore can not be exhibited.

The undivided share claimed by the appellee in her complaint was one-eighteenth of the land alleged by appellant in his pleading to have been sold to appellee's husband, and one-twelfth of that alleged to have been bought by appellant at said sheriff's sale.

By the provisions of sections 27 and 35 of the statute of descent, 1 R. S. 1876, pp. 413, 414, the husband of appellee having during their marriage been seized in fee simple of the real estate described in the complaint, and she not having joined in a conveyance thereof in due form of law, but the land having been sold by virtue of an execution to which she was not a party, she, having survived her said husband, was entitled to the share claimed by her, and had a right to have partition, unless the other facts stated in appellant's pleading precluded her.

A woman's right in land in virtue of her marriage, while it remains inchoate, or after it has become consummate by the death of her husband, is subject to the lien of his vendor for the purchase-money of the land. *Crane* v. *Palmer*, 8

Blackf. 120; *Fisher* v. *Johnson*, 5 Ind. 492; *Talbott* v. *Armstrong*, 14 Ind. 254; *Carver* v. *Grove*, 68 Ind. 371. What may be her right to redeem need not be decided here.

Under the statute in force at the date of the sheriff's sale mentioned in appellant's pleading, upon a sale of the husband's land on execution under an ordinary judgment against him alone, the wife's inchoate interest was not affected; the purchaser took the land free from any claim of the wife during the husband's lifetime, and forever freed therefrom upon her death, leaving the husband surviving, but subject to her right to one-third thereof if she should survive her husband.

Whatever may have been the proper mode of proceeding under the old practice, the vendor of land having an equitable lien thereon for purchase-money may, under the modern procedure, seek his legal remedy upon his money demand, together with the enforcement of his lien, in one action. But he may, as formerly, first pursue his remedy upon his legal claim alone, without thereby waiving his right to afterward resort, if necessary, to the equitable remedy by enforcement of the lien. *Turner* v. *Horner*, 29 Ark. 440; *Clark* v. *Hunt*, 3 J. J. Marsh. 553; *Ball* v. *Hill*, 48 Tex. 634; *Dibblee* v. *Mitchell*, 15 Ind. 435; *Crowfoot* v. *Zink*, 30 Ind. 446; *Humphrey* v. *Thorn*, 63 Ind. 296.

A vendor's lien on land for unpaid purchase-money is not an original and absolute charge on the land, but only an equitable right to resort to it if there be not sufficient personal assets. *Martin* v. *Cauble*, 72 Ind. 67, 75, and authorities there cited. It is not an equitable estate in the land. It is a right to have a lien established by decree of a court in the particular case. Sugden Vend., Perkins ed., 671, n ($d^1$).

In an action to enforce a vendor's lien on land, if the complaint do not allege and the evidence show that the vendee has no other property subject to execution, the judgment should not direct the sale of the land in the first instance, but should be for the amount of the debt established, with a proper entry that it is for purchase-money, and that the land is subject to

execution to satisfy the same in the event that other property of the vendee subject to execution can not be found.   *Scott* v. *Crawford*, 12 Ind. 410; *Bowen* v. *Fisher*, 14 Ind. 104; *McCauley* v. *Holtz*, 62 Ind. 205; *Overly* v. *Tipton*, 68 Ind. 410; *Martin* v. *Cauble, supra.*

The lien may be waived without the extinction of the debt by any act which indicates that the vendor does not rely upon the lien, as by taking other security.   When the lien is once abandoned, fairly and voluntarily, it is abandoned forever. *Mattix* v. *Weand*, 19 Ind. 151.   Where it has been once lost by the vendor, a court can not revive it for him.   *Burger* v. *Potter*, 32 Ill. 66.   Whether it will be barred before the expiration of the period of prescription, where the debt for the payment of which it is an equitable security is barred by a shorter period of limitation, is a question concerning which the authorities are conflicting, those which maintain the negative proceeding upon the doctrine that the operation of the statute of limitations does not extinguish the debt, but the statute may be interposed to prevent the enforcement thereof by action.   However this may be, the lien can have no existence if there be no debt.   It is unpaid purchase-money that creates and sustains the lien.   *Nichols* v. *Glover*, 41 Ind. 24. A complaint to enforce the lien should fully describe the contract of sale and aver the non-payment of the purchase-money. *Hough* v. *Canby*, 8 Blackf. 301.

The statute in relation to the settlement of decedents' estates, in force when this cause was commenced, required that a statement of every claim against a decedent's estate, "except judgments which are liens upon the decedent's real estate, and mortgages of his real or personal estate obtained and executed in his lifetime, and expenses of administration," be filed in the office of the clerk of the proper court, within one year from the date of the first appointment of the executor or administrator therein, and notice thereof, and that no other court should have original jurisdiction of any claim, except such liens, against the estate of any decedent, and that after

the expiration of said year, if such claim was not filed at least thirty days before final settlement of the estate, it should be barred, except as provided in said statute in case of the liability of heirs and devisees to any unpaid creditor who, six months prior to such final settlement, was insane, an infant or out of the State. Sections 62, 178, 2 R. S. 1876, pp. 512, 554.

In *Linthicum* v. *Tapscott*, 28 Ark. 267, where it was sought to enforce a vendor's lien against the estate of a deceased vendee, it was held to be a good defence that it was not presented to the administrator within two years from the granting of letters of administration, as other claims. *Overly* v. *Tipton*, *supra*, was an action against the heirs of the vendee to enforce a vendor's lien and to reform a mistake in the vendor's deed. The complaint alleged that the deceased vendee left no personal estate, and that no letters of administration had ever been issued on his estate. The court said: "Ordinarily, the creditor of a decedent can not collect an unsecured debt from the decedent's estate, except by and through an administration of such estate. *Leonard* v. *Blair*, 59 Ind. 510. A vendor's lien can not be enforced, as a rule, unless it is alleged and shown by the evidence that the vendee or debtor has no other property subject to execution, except the property against which the lien is asserted and sought to be enforced." And it was held that if the deceased vendee had been possessed of other property subject to execution at the time of his death, it might have been claimed very properly that the administrator of his estate was a necessary party to the action.

No remedy upon the legal claim for purchase-money owed by a decedent could in any case be obtained, where there was no administration of his estate. *Leonard* v. *Blair*, *supra*, and authorities cited. By analogy to the practice in other cases, it may be proper to seek the collection of the legal claim and the equitable remedy of enforcement of the lien together, and to make the heirs and the administrator defendants, instead of first filing the legal claim against the estate, and afterward,

for a deficiency, pursuing the equitable remedy against the land in the possession of the heirs. But, in a suit wherein the administrator is not a party, and in which, therefore, no remedy can be obtained on the legal claim, the complaint must show that the decedent did not leave other property out of which the claim for purchase-money could be collected.

We have a statute (sec. 640, code of 1852; sec. 1105, R. S. 1881), which provides that "Whenever an execution shall issue upon a judgment recovered for a debt secured by mortgage of real property, the plaintiff shall endorse thereon a brief description of the mortgaged premises; and the equity of redemption shall in no case be sold on such execution."

In *Linville* v. *Bell*, 47 Ind. 547, where, on an execution issued under a judgment on a portion of the notes secured by a mortgage on real estate, the sheriff sold the mortgaged property, he and the purchaser knowing that it was mortgaged to secure the debt for which the judgment was rendered, the levy and sale being made in the absence of the judgment plaintiff, the mortgagee, and his attorney, and without their knowledge or consent, it was held that the purchaser acquired no right which would prevent the mortgagee from foreclosing the mortgage and selling the land thereunder.

In *Youse* v. *McCreary*, 2 Blackf. 243, it was held that there was nothing in the statute of 1824 to prevent the holder of a bond secured by mortgage on real estate from proceeding first upon his bond and selling the mortgaged property on execution, and thus electing to abandon the mortgage; and that, by selling the mortgaged premises on his execution, he waived any right he might have had under the mortgage.

In *Clark* v. *Stilson*, 36 Mich. 482, where the holder of a vendor's lien on land caused the land to be sold on execution under a judgment rendered for the debt for which he claimed the lien, and he became the purchaser at such sale, it was held that the sale on execution was inconsistent with any claim of lien; and it was said by COOLEY, C. J., referring to a statute similar to sections 640 and 1105, *supra*, that a vendor's lien

being in the nature of an equitable mortgage, and the statute not permitting the equity of redemption to be sold on execution for the satisfaction of the mortgage debt, the sale thereof on execution would seem to negative the claim of lien.

Appellant's said second paragraph was not sufficient as a counter-claim to recover possession of real estate, or to quiet title thereto, for the reason, if for no other, that it did not allege that appellee was in possession of the land, and unlawfully keeping appellant out of possession, or that she was claiming any title or interest therein adverse to him. Sec. 592 et seq., code of 1852.

Regarded as an answer to the second paragraph of the complaint, there could have been no error in sustaining a demurrer to it, if it could be regarded as stating facts sufficient to constitute a defence; for, under the general denial, which was also pleaded, all matters of defence could have been given in evidence. Secs. 596, 612, code of 1852; *Graham* v. *Graham*, 55 Ind. 23.

Treating it as an answer to the first paragraph of the complaint, it was not sufficient. It showed that appellee's husband was seized in fee of the land in question during the marriage; that, under an execution issued on an ordinary personal judgment rendered against him alone, during the marriage, it had been sold and conveyed by the sheriff to the appellant, the execution plaintiff, and that appellee's husband had since died. If it could be said that it showed that appellant had a vendor's lien on the land, it did not show that his equitable right had ever been enforced, and the possession of a mere right to enforce a vendor's lien could have no potency as a defence to an action by the owner of a portion of the land for partition.

In *Fisher* v. *Johnson*, 5 Ind. 492, it was held that a vendee who had paid no part of the purchase-money might, by releasing his title to his vendor, cut off the right of the wife of the former to dower, at least unless she should redeem.

In the paragraph under examination it was alleged, that,

Nutter *v.* Fouch.

" by and with the knowledge, advice and consent of the said Fouch and this plaintiff, being as defendant was, at the time, without personal property subject to execution," the execution was, by the sheriff, levied upon the real estate.

The want of personal property or the direction of the debtor would be sufficient reason for the sheriff's levying an ordinary execution on the debtor's real estate. It does not appear that appellant was induced by the advice and consent alleged to forego his equitable remedy. He pursued his legal remedy and took what might be obtained thereby.

Without enquiring as to the right of a widow where her deceased husband was seized during the marriage of real estate for which he had paid a portion of the purchase-money, and released his title to his vendor in payment of the remainder thereof, we think the advice and consent here alleged of the appellee and her husband did not affect her marital interest in the land.

Regarding the pleading under discussion as a counter-claim to enforce a vendor's lien, it was bad. If it had shown a subsisting indebtedness for purchase-money, it did not show that the deceased husband left no other property subject to execution out of which the claim might not have been collected. By showing the levying of the execution upon the land upon which the execution plaintiff held the lien, and the sale and conveyance to him, it showed his election to release his lien on the land sold, even if the debt had not been fully paid by the sale. But, further, it showed that there was no subsisting indebtedness for purchase-money. The judgment was for the unpaid balance of purchase-money, and the sale was for the full amount of the judgment, which was thereby satisfied. Through his proceedings at law appellant's claim for purchase-money was satisfied, and nothing remained for which to claim a vendor's lien.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.